UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

03-12404-NG

JOEL F. HOLUBAR,
&
MARIANA H. HOLUBAR

                      Plaintiffs,

v.

KENT KHOLBERGER;
THE CHASE FREEDMAN-FAMILY TRUST;
&
M/Y CHEROSA, *in rem*,

                      Defendants.

-------------------------------------------------X

MAGISTRATE JUDGE

## COMPLAINT & JURY DEMAND

Plaintiffs, Joel F. Holubar & Mariana H. Holubar by and through their undersigned counsel, hereby bring claims against the defendants, jointly and severally, and allege as follows:

### JURISDICTION & VENUE

1. This Court has proper jurisdiction over this matter pursuant to: 28 U.S.C. § 1333 (a), 28 U.S.C. § 1333 (1) and 46 U.S.C.S. § App. 688 (2002).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 (a)(2)&(3) as Defendants have committed tortious acts within the State of Massachusetts causing injury to the Plaintiffs.

## INTRODUCTION

3. This is a case of admiralty and maritime jurisdiction within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Specifically, this is an action for battery and negligence resulting from the negligent and improper operation of the motor yacht ("M/Y") Cherosa, *vis a vis* its high rate of speed (more than 2x the permitted operational speed) during operation and passage through Hog Island Channel of the Cape Cod Canal on August 24, 2001.

## PARTIES

4. Plaintiff, Joel F. Holubar DDS, is a natural person with a principle residence located within the State of New York, County of Suffolk, Hamlet of Brookhaven.

5. Plaintiff, Mariana H. Holubar, is a natural person with a principle residence located within the State of New York, County of Suffolk, Hamlet of Brookhaven.

6. Defendant, Kent Kholberger, is a natural person, and upon information and belief was the Captain of the M/Y Cherosa, with a principle residence located at: 22 Bridge Street, Old Saybrook, Connecticut 06475.

7. Defendant, The Chase Freedman Family Trust, upon information and belief is the owner of the M/Y Cherosa, with addresses of: 157 Church Street, 10th Floor, New Haven, Connecticut 06510 and 1 Commercial Plaza, Hartford, Connecticut 06103.

8. Defendant M/Y Cherosa *in rem*, upon information and belief, has United States Coast Guard ("USCG") Documentation Number 1059863 and a mailing address of c/o James R. Brockway, 157 Church Street, 10th Floor, New Haven, Connecticut 06502; her hailing port is West Palm Beach, Florida.

## FACTS

9. At all relevant times to this action, Plaintiffs are the owners of the documented marine vessel "Nordic Star", USCG Documentation Number 957765. Nordic Star is a 42-foot Jersey Dawn Sport Fisherman, with a fourteen (14) foot beam, and a dry displacement weight of approximately 32,000 lbs.

10. Plaintiff, Joel F. Holubar, is a USCG approved captain maintaining a "Coast Guard Licensed Operator of Uninspected Passenger Vessel" license.

11. On August 24, 2001, Plaintiffs were aboard Nordic Star traveling "east" bound in the Cape Cod Canal, a narrow and navigable waterway as defined by U.S.C. Title 33, supervised and managed by the United States Army Corps of Engineers.

12. Nordic Star and plaintiffs were traveling with the current and were entering the Hog Island Channel, the narrowest portion of the Cape Cod Canal.

13. Upon information and belief, the Hog Island Channel is approximately no more than four hundred (400) feet in width.

14. When Nordic Star reached the Hog Island Channel in the Cape Cod Canal and rounded a "turn," they became aware of a vessel "west" bound in the Cape Cod Canal.

15. The vessel was the M/Y Cherosa, which upon information and belief is a 147'9" yacht, with a twenty-five (25) foot beam, a registered gross tonnage of two hundred forty two (242), *i.e.*, 484,000 lbs, and a registered net tonnage of one hundred and sixty three (163), *i.e.*, 326,000 lbs.

16. The M/Y Cherosa was west bound traveling against the current.

17. Without right or justification, the M/Y Cherosa was negligently and with reckless abandon being operated at, and traveling in excess of, twenty (20+) knots, which is well in excess of the posted permitted and safe speed as set forth by the U.S. Army Corps of Engineers.

18. The wake, *i.e.*, waves, caused by the M/Y Cherosa's excessive rate of speed, size, and displacement, in addition to the fact that she was traveling against the current, resulted in a wake well in excess of eight (8) feet in height. The wake's waves were of short intervals/intermissions, making their faces steep and abrupt.

19. Upon information and belief, Kent Kholberger was captaining the M/Y Cherosa at all times in question on August 24, 2001.

20. Plaintiffs, upon realizing the size of the wake, took immediate and defensive evasive actions, but were limited in choice due to the size of the wake, close proximity of the M/Y Cherosa and narrowness of the Hog Island Channel.

21. Upon repetitive impact of M/Y Cherosa's wake, Nordic Star and Plaintiffs were severely tossed about "like a toy boat in a bathtub", demonstrative of the force and size of the wake.

22. As a result, Nordic Star was physically damaged, gear and equipment, including irreplaceable family memorabilia, were lost and damaged, and Plaintiffs were physically injured.

23. Immediately following the wakes' impact, Plaintiffs contacted the USCG.

24. The USCG station attempted to raise M/Y Cherosa on VHF channel 16, however, neither she nor her captain or her crew were monitoring channel 16, or, in the alternative, intentionally chose to disregard the USCG's repetitive hails on VHF channel 16. This is further demonstrative of the M/Y Cherosa's negligent operation.

25. Plaintiffs began to inspect the damage as they made their way to Sandwich Marina, located in the Cape Cod Canal.

26. Upon arrival at the Sandwich Marina, Plaintiffs were met by USCG Officers, who documented and recorded the damage.

27. Upon information and belief the U.S. Army Corps of Engineers and USCG, either jointly or individually, conducted an investigation and determined that the M/Y Cherosa was operated at an excessive rate of speed. Permissive travel time for the

Hog Island Channel area against the tide is forty six (46) minutes, whereas the M/Y Cherosa's travel time for the Hog Island Channel area was twenty one (21) minutes. This is less than half the travel time required, thus demonstrative of the M/Y Cherosa's excessive rate of speed.

28. The U.S. Army Corps of Engineers found that M/Y Cherosa's captain should "be cited for negligent operation, excessive speed and wake."

29. On August 28, 2001, Defendant Captain Kent Kholberger was cited by the USCG for "Speeding; Exceeding Minimum Running Time Between Admin. Office & Hog Is.#1 by 25 Minutes."

30. Plaintiffs have subsequently sought medical attention, incurred pain and suffering, and lost wages as a proximate result of injuries sustained on August 24, 2001, stemming from the M/Y Cherosa's operation.

31. Plaintiffs have subsequently, and continue to, expend resources and money repairing the damage to Nordic Star, which was a proximate result of the occurrences on August 24, 2001, stemming from the M/Y Cherosa's operation.

32. Upon information and belief, in Spring of 2002, Defendant Kent Kholberger admitted guilt and remitted the full fine due and payable as a result of his actions and omissions on August, 24, 2001, as set forth above.

## CAUSES OF ACTION

### COUNT I

**(Assault & Battery)**

33. Plaintiffs reallege paragraphs 1 through 32 as if fully stated herein.

34. Defendants, acting by and through M/Y Cherosa and Defendant Kholberger, intended to cause offensive contact with Plaintiffs and did cause resultant, offensive and harmful contact with Plaintiffs.

35. As a proximate result, Plaintiffs suffered substantial damages, including but not limited to personal injury, pain, suffering, emotional distress, substantial pecuniary losses and physical damage to Plaintiffs' property.

## COUNT II

### (Negligence – Personal Injury)

36. Plaintiffs reallege paragraphs 1 through 35 as if fully stated herein.

37. Having entrusted the M/Y Cherosa to Defendant Kholberger, Defendants owed a duty of care to Plaintiffs to train, instruct, and supervise operation of the M/Y Cherosa in a legal and safe manner, and in compliance with applicable rules and regulations governing the M/Y Cherosa's use and operation, and/or otherwise preventing the use and operation of the M/Y Cherosa in a manner that was likely to cause harm.

38. Defendants breached this duty by failing to train, instruct, and supervise the use and operation of the M/Y Cherosa adequately, and/or by failing to otherwise prevent the use and operation of the M/Y Cherosa in a manner that caused physical personal injury and harm to Plaintiffs.

39. In failing to train, instruct, and supervise the use and operation of the M/Y Cherosa adequately, and/or otherwise preventing the use and operation of the M/Y Cherosa in a manner that caused physical personal injury and harm to Plaintiffs, Defendants acted willfully and/or intentionally, and/or with reckless disregard for Plaintiffs' rights, safety and well being.

40. As the sole and proximate result of Defendants' actions and omissions, Plaintiffs suffered substantial damages, including but not limited to physical injuries, pain, suffering, emotional distress, and substantial pecuniary losses.

## COUNT III

### (Negligence – Physical Damage)

41. Plaintiffs reallege paragraphs 1 through 40 as if fully stated herein.

42. Having entrusted the M/Y Cherosa to Defendant Kholberger, Defendants owed a duty of care to Plaintiffs to train, instruct, and supervise operation of the M/Y Cherosa in a legal and safe manner and in compliance with applicable rules and regulations governing the M/Y Cherosa's use and operation, and/or otherwise preventing the use and operation of the M/Y Cherosa in a manner that was likely to cause harm or damage.

43. Defendants breached this duty by failing to train, instruct, and supervise the use and operation of the M/Y Cherosa adequately, and/or by failing to otherwise prevent the use and operation of the M/Y Cherosa in a manner that caused harm to Plaintiffs' property.

44. In failing to train, instruct, and supervise the use and operation of the M/Y Cherosa adequately, and/or otherwise preventing the use and operation of the M/Y Cherosa in a manner that caused harm to Plaintiffs' property, Defendants acted willfully and/or intentionally, and/or with reckless disregard for Plaintiffs' rights and property.

45. As a sole and proximate result of Defendants' actions and omissions, Plaintiffs' property was substantially and significantly damaged.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, pray this Court render judgment:

A. awarding Plaintiffs actual damages, in an amount to be determined, but believed to be in excess of $175,000.00;

B. awarding Plaintiffs consequential, compensatory and punitive/exemplary damages;

C. awarding Plaintiffs their reasonable attorney fees, and

D.  directing such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMAND

In accordance with the provisions of Federal Rules of Civil Procedure, 38(b) and 39, Plaintiffs hereby demand a trial by jury of all issues so triable.

                              JOEL F. HOLUBAR and
                              MARIANA H. HOLUBAR,

By their attorneys,

Dated: December 1, 2003

Lee T. Gesmer (BBO #190260)
Kurt Bratten (BBO #644730)
Lucash, Gesmer & Updegrove LLP
40 Broad Street
Boston, Massachusetts 02109
1-617-350-6800 (phone)
1-617-350-6878 (fax)

Of Counsel:
Bjorn J. Holubar
770 Lexington Avenue, 7th Fl
New York, New York 10021
1-212-980-1992 (direct)
1-212-755-4199 (fax)