UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOEL F. HOLUBAR and MARIANA H. HOLUBAR,<br><br>Plaintiffs,<br><br>- against -<br><br>KENT KHOLBERGER, THE CHASE-FREEDMAN FAMILY TRUST and *M/Y CHEROSA*, *in rem*,<br><br>Defendants. | Civil Action Index No.: 03-CV-12404-NG<br><br>**ANSWER** |

The **Chase-Freedman Family Trust**, the owner of *M/Y CHEROSA*, answering the Complaint on its own behalf and on behalf of **Kent Kholberger** sued herein and named as *in personam* defendants, and on behalf of the *M/Y CHEROSA*, sued herein and named as the *in rem* defendant, alleges upon information and belief, by its attorneys as follows:

1. Admits that this court has admiralty or maritime jurisdiction over this matter pursuant to 28 U.S.C. §1333 and Rule 9(h) of the Federal Rules of Civil Procedure. Except as so admitted, denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph "1" of the Complaint.

2. Denies the allegations contained in Paragraph "2" of the Complaint.

3. Admits that this is a case of admiralty and maritime jurisdiction within the meaning of Rule 9(h). Except a so admitted, denies the allegations contained in Paragraph "3" of the Complaint.

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "4" of the Complaint.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "5" of the Complaint.

6. Admits that **Kent Kholberger,** is a natural person and at a time served as a captain of the *M/Y CHEROSA*. Except so as specifically admitted, denies the allegations contained in Paragraph "6" of the Complaint.

7. Admits **The Chase-Freedman Family Trust** is an indenture organized and existing under and by virtue of the laws of the State of Florida whose Trustees reside in Connecticut and elsewhere and that **The Chase-Freedman Family Trust** is owner of the *M/Y CHEROSA*. Except as so admitted, it denies the remaining allegations contained in Paragraph "7" of the Complaint.

8. Admits that the *M/Y CHEROSA* has a United States Coast Guard Documentation Number of 1059863 and a hailing port of West Palm Beach, Florida. Except so as specifically admitted, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "9" of the Complaint.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "9" of the Complaint.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "10" of the Complaint.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "11" of the Complaint.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "12" of the Complaint.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "13" of the Complaint.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "14" of the Complaint.

15. Denies the accuracy of the allegations contained in Paragraph "15" of the Complaint.

16. Denies the allegations contained in Paragraph "16" of the Complaint.

17. Denies the allegations contained in Paragraph "17" of the Complaint.

18. Denies the allegations contained in Paragraph "18" of the Complaint.

19. Admits that **Kent Kholberger** served as the Captain of the *M/Y CHEROSA* on August 24, 2001. Except so as specifically admitted denies the allegations contained in Paragraph "19" of the Complaint.

20. Denies the allegations contained in Paragraph "20" of the Complaint.

21. Denies the allegations contained in Paragraph "21" of the Complaint.

22. Denies the allegations contained in Paragraph "22" of the Complaint.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "23" of the Complaint.

24. Denies the allegations contained in Paragraph "24" of the Complaint.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "25" of the Complaint.

26. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "26" of the Complaint.

27. Admits that on or about August 28, 2001, the **United States Army Corps of Engineers** alleged that based upon "running time" the *M/Y CHEROSA* exceeded the minimum running time for passage through the Cape Cod Canal. Except as so specifically admitted, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "27" of the Complaint.

28. Denies the allegations contained in Paragraph "28" of the Complaint.

29. Admits that Captain Kent Kholberger received a citation by the USCG for "Speeding; Exceeding Minimum Running Time".

30. Denies the allegations contained in Paragraph "30" of the Complaint.

31. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "31" of the Complaint.

32. Admits that in the Spring of 2002, Defendant, **Kent Kholberger** paid the collateral fine imposed by the **Army Corps of Engineers** in lieu of appearing in court but without admission of any guilt for the violation cited. Except as so specifically admitted, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "32" of the Complaint.

33. Repeats and realleges each and every statement, admission and denial contained in Paragraphs "1" through "32" of the Complaint.

34. Denies the allegations contained in Paragraph "34" of the Complaint.

35. Denies the allegations contained in Paragraph "35" of the Complaint.

36. Repeats and realleges each and every statement, admission and denial contained in Paragraphs "1" through "35" of the Complaint.

37. Denies the allegations contained in Paragraph "37" of the Complaint and refer all questions of law to the Court.

38. Denies the allegations contained in Paragraph "38" of the Complaint and refer all questions of law to the Court.

39. Denies the allegations contained in Paragraph "39" of the Complaint and refer all questions of law to the Court.

40. Denies the allegations contained in Paragraph "40" of the Complaint and refer all questions of law to the Court.

41. Repeats and realleges each and every statement, admission and denial contained in Paragraphs "1" through "40" of this Answer to the same force and effect as if more fully set herein.

42. Denies the allegations contained in Paragraph "42" of the Complaint and refer all questions of law to the Court.

43. Denies the allegations contained in Paragraph "43" of the Complaint and refer all questions of law to the Court.

44. Denies the allegations contained in Paragraph "44" of the Complaint and refer all questions of law to the Court.

45. Denies the allegations contained in Paragraph "45" of the Complaint and refer all questions of law to the Court.

**FIRST AFFIRMATIVE DEFENSE**

46. The Complaint should be dismissed for failure to state a cause of action.

## SECOND AFFIRMATIVE DEFENSE

47. This Court lacks jurisdiction over the persons of the defendants inasmuch as none of the defendants is a resident of, or has a domicile in this District nor is any of the defendants otherwise subject to this Court's personal jurisdiction.

## THIRD AFFIRMATIVE DEFENSE

48. Plaintiffs failed to provide timely notice of their alleged damages and plaintiffs are guilty of laches to the prejudice of defendants.

## FOURTH AFFIRMATIVE DEFENSE

49. Plaintiffs have failed to join indispensable and necessary parties within the meaning of Rule 19 of the Federal Rules of Civil Procedure and this action should, therefore, be dismissed.

## FIFTH AFFIRMATIVE DEFENSE

50. The injuries claimed to have been sustained by the plaintiffs, which is denied, were caused in whole or in part by the culpable conduct of plaintiffs, without any negligence on the part of the defendants.

## SIXTH AFFIRMATIVE DEFENSE

51. Plaintiffs failed to properly and fully mitigate their damages.

## SEVENTH AFFIRMATIVE DEFENSE

52. Plaintiffs' damages, if any, were caused wholly or in part by the negligence, recklessness and/or other culpable conduct of others over whom defendants are not responsible and over whom defendants have no control.

**EIGHTH AFFIRMATIVE DEFENSE**

53. The injuries, if any, alleged to have been sustained by plaintiffs, were solely and proximately caused by the failure of the plaintiffs to exercise that degree of care for their own safety that a reasonably prudent person would have exercised under the same or similar circumstances.

**NINTH AFFIRMATIVE DEFENSE**

56. In the event that plaintiffs recovers a verdict or judgment against any defendant, then said verdict or judgment must be reduced pursuant to C.P.L.R. 4545(c) by those amounts which have, or will, with reasonable certainty, replace or indemnify plaintiffs, in whole or in part, for any past or future claims or economic loss from any collateral source, such as insurance, social security, Worker's Compensation or employee benefit programs.

**TENTH AFFIRMATIVE DEFENSE**

57. Defendants reserve the right to add further defenses which they deem necessary during the course of these proceedings and/or upon conclusion of investigation and discovery.

**WHEREFORE**, defendants pray that the Complaint be dismissed in its entirety with prejudice and that this Court award reasonable attorneys' fees and costs to defendants for having to defend this action. Defendants further seek an order striking plaintiffs' demand for a trial by jury inasmuch as plaintiffs seek to invoke this Court's admiralty and maritime jurisdiction pursuant to Rule 9(h) and as such, there is no right to a trial by jury in these circumstances. Defendants respectfully request such other different relief as this Court deems just and proper.

Dated: Boston, MA
       February 18, 2004

                          **CURTIS C. PFUNDER**
                          Attorney for Defendants

                BY   */s/ Curtis C. Pfunder*
                          CURTIS C. PFUNDER
                          92 State Street
                          Boston, MA 02109
                          (617) 248-0200
                          BBO#397700


Dated: New York, New York
       February 11, 2004

                          OF COUNSEL:

                          EDWARD C. RADZIK
                          **DONOVAN PARRY McDERMOTT & RADZIK**

                BY   */s/ Edward C. Radzik*
                          EDWARD C. RADZIK
                          Wall Street Plaza
                          88 Pine Street
                          New York, NY 10005-1801
                          (212) 376-6400
                          (File: 6-02-3269 ECR)