FILED
IN CLERKS OFFICE

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

2004 JUN -3 P 4: 50

U.S. DISTRICT COURT
DISTRICT OF MASS.

JOEL F. HOLUBAR )
and )
MARIANA H. HOLUBAR, )
            )
      Plaintiffs )
            )
v. ) Civil Action No. 03-CV-12404-NG
            )
KENT KHOLBERGER, )
CHASE-FREEDMAN FAMILY TRUST )
and )
M/Y CHEROSA, *in rem*, )
            )
      Defendants )
            )

## DEFENDANTS' MOTION TO ENLARGE TIME TO RESPOND TO DISCOVERY

Pursuant to Fed. R. Civ. P. 6(b)(1),[1] defendants move to enlarge by thirty (30) days the time for defendants to serve their responses to plaintiffs' initial interrogatories, requests for production of documents and requests for admissions (collectively, plaintiffs' "initial discovery requests"), until July 6, 2004. In support of this motion, defendants submit as follows.

Plaintiffs' initial discovery requests were served by mail, on or about May 3, 2004 and were received on or about May 6, 2004 by defendants' counsel.[2]

---

[1] Defendants also rely on Fed. R. Civ. P. 33(b)(3)(specifically authorizing Court to extend 30-day time to respond to interrogatories), Fed. R. Civ. P. 34(b)(specifically authorizing Court to extend 30-day time to respond to request for production of documents) and Fed. R. Civ. P. 36(a)(specifically authorizing Court to extend 30-day time to respond to request for admissions).

[2] Plaintiff's counsel Bjorn Holubar also e-mailed to defendant's local counsel, Curtis Pfunder, unsigned drafts of plaintiff's initial discovery requests, on or about April 26, 2004. Mr. Pfunder requested that Mr. Holubar simply mail them to both of the defendant's counsel, Mr. Radzik and Mr. Pfunder. Mr. Holubar

Defendant's lead counsel Mr. Radzik has been working diligently on the preparation of the defendants' responses, and he has forwarded the appropriate materials to the various appropriate persons for review and response, but additional time is needed to complete the task.

For example, defendant Kent Kholberger, formerly the Captain of the vessel Cherosa, is currently employed on a different vessel, by a new employer, is frequently traveling at sea, and has an attorney in Ft. Lauderdale, Florida (Teresa Bennett, Esq. of Michael McHale Law Offices), to whom the materials have been forwarded.

As for defendant Chase-Freedman Family Trust, the materials were forwarded to, and are being reviewed by, Cathleen M. Tierney Esq., Assistant General Counsel of Chase Enterprises in Hartford, Connecticut.

Further input is needed from the defendants to complete the responses.

Further complicating the logistics, defendants' insurance carrier, Atlantic Mutual, was recently acquired by Travelers; and Travelers was acquired by St. Paul.

This is defendants' first request for such an extension of time. The requested extension is reasonable and necessary, will not cause undue delay, and is not made for any improper purpose. When the Court set the short litigation schedule at the Scheduling Conference, it was over the objection of the defendants, who believed it was unrealistic. The Court indicated that if defendants in fact needed more time for certain

---

represented to Mr. Pfunder, on or about April 26, 2004 that he had already done so. Attorney Holubar's representation was false. He later served an "amended" certificate of service, unsigned, dated "May 4, 2004," stating that the documents were mailed on May 3, 2004. Even when Mr. Holubar actually did send the cover letter and initial discovery requests in the U.S. Mail on or about May 3 or 4, 2004, he still left the letter dated "April 26, 2004"; and he also left false certificates of service on each of the initial discovery requests, certifying that each was served "via REGULAR MAIL" upon both Mr. Radzik and Mr. Pfunder, on "April 26, 2004."

2

tasks, they should request it, and the Court would consider such requests as may be needed.

Although plaintiffs lead counsel flatly refused to agree to any additional time, defendants submit that plaintiffs' refusal is unreasonable.

## Conclusion

Defendants' motion for an extension of time to respond to plaintiffs' initial discovery requests, until July 6, 2004, should be granted.

Respectfully submitted,

*[signature: Curtis C. Pfunder]*

Curtis C. Pfunder (BBO# 397700)
92 State Street
Boston, MA 02109
(617) 248-0200

Date: June 3, 2004

Edward C. Radzik
Donovan Parry McDermott & Radzik
Wall Street Plaza
88 Pine Street
New York, NY 10005
(212) 376-6400

Attorneys for Defendants

3

## CERTIFICATE OF CONFERENCE

On May 25, 2004 I conferred on the telephone with Kurt Bratten, Esq. concerning the subject of this motion. I explained to him the reasons for requested additional time. I received a May 25, 2004 fax letter from Bjorn Holubar, Esq. indicating that plaintiffs flatly refuse to agree to any additional time whatsoever. In his letter, Attorney Holubar falsely states that I had not offered any explanation of why more time was needed.

Date: June 3, 2004

_____
Curtis C. Pfunder

## CERTIFICATE OF SERVICE

I hereby certify that on this __3__ day of __June__ 2004 a copy of the above document was served upon the attorneys of record for each party by (U.S. mail) (or: _____ ) as shown below:

_Curtis C. Pfunder_
Curtis C. Pfunder

Kurt E. Bratten, Esq.
Gesmer Updegrove, LLP
40 Broad Street
Boston, MA 02109

Bjorn J. Holubar, Esq.
770 Lexington Avenue, 7th Floor
New York, NY 10021

Edward C. Radzik, Esq.
Donovan Parry McDermott & Radzik
Wall Street Plaza
88 Pine Street
New York, NY 10005