UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

------------------------------------------------------------X

JOEL F. HOLUBAR,
&
MARIANA H. HOLUBAR,

                        Plaintiffs,

v.

                                             03-CV-12404-NG

KENT KHOLBERGER;
THE CHASE FREEDMAN-FAMILY TRUST;
&
M/Y CHEROSA, *in rem*,

                        Defendants.

------------------------------------------------------------X

**MEMORANDUM IN SUPPORT**
**OF PLAINTIFFS' MOTION PURSUANT TO FED.R.CIV.PRO. 37**

1

## TABLE OF CONTENTS

### Statutes

Fed.R.Civ.Pro............................................................................................*passim*
Fed.R.Civ.Pro. Rule 30(b)(6).............................................................. *passim*
Fed.R.Civ.Pro. Rule 37.........................................................................*passim*


### Cases

*Cine Forty-Second Street Theatre Corp. v. Allied Artists Pictures Corp.*,
    602 F.2d 1062, 1066 (2d Cir.1979)..............................................................5
*Farr Man & Co., Inc. v. M/V Rozita*, 903 F.2d 871, 873, 875 (1st Cir. 1990)...............8
*Hickman v. Taylor*, 329 U.S. 495, 501 (1947).......................................................7
*National Hockey League v. Metropolitan Hockey Club, Inc.*,
    427 U.S. 639 (1976)(*per curium*).................................................................5
*United States v. Proctor & Gamble*, 356 U.S. 677, 683 (1958)...............................7
*Update Art, Inc. v. Modiin Publishers, et al.*. 843 F.2d 67 (2d Cir. 1998)................5, 8
*Taylor v. Illinois*, 108 S.Ct. 646 (1988)..............................................................7


### Brief

Memorandum of Law.................................................................................3

Introduction...........................................................................................3

Defendants' Conduct is Suspect and Sanctionable Pursuant to Fed.R.Civ.Pro R.37.......5

Defendants' Disregard of and Anticipatory Failure to Appear
    for Plaintiffs' Schedule Depositions.................................................8

Conclusion...........................................................................................10

Memorandum of Law

Plaintiffs submit this Memorandum of Law in Support of their application pursuant to Fed.R.Civ.Pro. R30 & R37 for an Order:

> 1) compelling the production of witnesses for depositions twice (2x) noticed pursuant to Fed.R.Civ. Pro. 30 *et seq.*;
> 2) providing Plaintiffs with sanctions, pursuant to Fed.R.Civ.Pro. Rule 37(a)(b)&(c); therein
>> (2a) deeming Plaintiffs' Requests for Admission admitted, for defendants' willful failure to respond;
>> (2b) mandating defendants' immediate response and production in accordance with Plaintiffs' outstanding Interrogatories and Document Requests;
>> (2c) dismissing defendants' Interrogatories numbered 13-57 (actually 30-151), and/or
> 3) striking defendant's Answer,

for defendant's willful disregard and attempted subrogation of the Court's Scheduling Order to the detriment of Plaintiffs, in further contravention of the Court's Local Rules, Orders and the Federal Rules of Civil Procedure.

Introduction

Defendants have willfully, through a belated and neglectful course of conduct attempt to subrogate the Court's Scheduling Order, thus delayed matters through a failure to Respond to any of Plaintiffs' discovery demands, served by email on April 26, and by mail on April 26 and May 3, 2004.[a] Or even appear for long scheduled depositions.

Defendants being duly and properly served, after the time to respond expired calculated from the date of April 26 or on the day responses were due calculated from the

date of the 2nd mailing May 3, requested extension to respond on June 4, 2004. Thus, with Plaintiffs' depositions scheduled for June 16-18, as of today defendants have failed to provide responses or otherwise produce with respect to Plaintiffs':

    1) Document Requests, to defendant Kholberger;
    2) Document Requests, to defendant the Chase Freedman Family Trust;
    3) Interrogatories, to defendant Kholberger;
    4) Interrogatories, to defendant the Chase Freedman Family Trust;
    5) Requests for Admission, to defendant Kholberger; and
    6) Requests for Admission, to defendant the Chase Freedman Family Trust.

On April 16, 2004, over the objection of defendants' counsel, the Court entered an expedited scheduling Order. Attny. Affr. Exhibit 1.

Accordingly, Disclosures were exchanged, and Plaintiff served their Demands. However, after response were due by electronic service, or at a minimum on the eve of defendants' responses being due[b] defendants' counsel requested an extension in having to respond stating simply they "just can't get them done". Attny Affr. Exhibit 4. Conversely, Plaintiffs have been able to draft and serve no less than six (6) sets of demands to defendants; draft, serve and prepare for three (3) depositions of defendants; draft and serve no less than four (4) subpoenas, and respond to defendants' document requests and interrogatories in the same time frame.

On June 14, 2004, prior to Plaintiffs' filing their Opposition to defendants' requested adjournment the Court granted the same.

Thus, on Monday, June 14, 2004, Plaintiffs' counsel called defendants' counsel to confirm the attendance of Kent Kholberger, the Chase Freedman Family Trust's 30(b)(6)

---

[a] It is well worth noting that defendants' failed responses and production come on the eve of Noticed Depositions scheduled for June 16-18, thus frustrating the same.

4

and the in rem M/Y Cherosa's 30(b)(6) appearance at the scheduled depositions only to be informed they were not going to appear. No prior objection was raised in accordance with the Fed.R.Civ.Pro. nor was adjournment or extension sought or requested.

## Analysis

Defendants' questionable delay and disregard for Plaintiffs' noticed depositions amounts to a circumvention the Court's Scheduling Order and therein an attempt to dictate and control discovery and thus delay this matter's ultimate conclusion.

## Defendants' Conduct is Suspect and Sanctionable Pursuant to Fed.R.Civ.Pro R.37

To address problematic issues with production and a refusals to produce or even respond the Fed.R.Civ.Pro. provides for disciplinary sanctions under Rule 37, and the same are intended to serve three purposes. *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639 (1976)(*per curium*); *Cine Forty-Second Street Theatre Corp. v. Allied Artists Pictures Corp.*, 602 F.2d 1062, 1066 (2d Cir.1979); *Update Art, Inc. v. Modiin Publishers*. 843 F.2d 67 (2d Cir. 1998).

First, Rule 37 is intended to assure that a party will not benefit from its own failure to comply. *Id.* At hand it is in fact the defendants who benefit from the requested extension. From this matter's inception defendants objected to the Court's Scheduling Order and further waited well after the time to respond had passed *e.g.* June 4, 2004, based on an electronic service date of April 26 with response being due May 28, 2004.

---

[b] Rather telling of defendants' contrived request to delay this matter's resolution, defendant's counsel believed response due on May 28 such that on May 25 defendants' counsel requested an extension, yet waited until June 4, to bring the same to the Court's attention.

Defendants' benefit through their delay to the detriment of Plaintiffs.

Second, Rule 37 is a specific deterrent and seeks to obtain compliance with the particular Order issued. *Id*. Again at hand we have the express Scheduling Order and Plaintiffs' reliance thereupon. To *wit*, Plaintiffs not only drafted their requests, responded to defendants' requests but also burdened third parties in the requested production of documents and things in anticipation of Plaintiffs' scheduled deposition and the Courts' abbreviated discovery schedule. Therein, Plaintiffs' principle counsel further scheduled matters in and around having concluded discovery in this maters such that counsel is now unavailable until the 2nd week in August to conduct Plaintiffs' depositions. As such, through defendants' intentional delay and omission discovery may not be completed as Ordered by the Court, through no fault of Plaintiffs, yet nevertheless delay matters to Plaintiffs' detriment.

Third, Rule 37 is intended to serve a general deterrent effect on the case at hand and on other litigation, provided that the party against whom they are imposed in some sense at fault. *Id*. Herein, due to the expedited Scheduling Order, that was opposed by defendants, sanctions or other imposition of remedial measure should be well imposed upon defendants to avoid further unfounded and frivolous delays in this matter. Most concerning was defendants' counsel's representation to Plaintiff's counsel that Mr. Kholberger, who has appeared in this matter, cannot be contacted as "he is out at sea". Well Plaintiffs' demands and noticed deposition have been before defendants' counsel – who represent Mr. Kholberger, since April 26 *e.g.* than six (6) weeks. Has Mr. Kholberger been at sea that whole time? I challenge defendants' counsel to provide logs for the same.

More telling of defendant tact of delay is now, unbeknownst to Plaintiffs' counsel or the Court, Mr. Kholberger is represent by another attorney? No substitution or other statement has been so filed by or on account of Mr. Kholberger. And yes, this attorney (who has never been disclosed) also cannot be reached nor returned the calls of Mr. Radzik who is counsel of record for Mr. Kholberger. Such statements by defendants would appear, at first blush, no more than an rouse aimed at delay. The Court must not condone such chicanery and delay by defendants now or in the future. Accordingly, the Court must respectfully intercede and enjoin such "hide the ball" conduct by defendants in their attempt to frustrate Plaintiffs' efforts at every turn and related disregard for this Court's Scheduling Order.

The Courts have held that discovery process is designed "to make a trial less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent possible." *United States v. Proctor & Gamble*, 356 U.S. 677, 683 (1958). Discovery is also intended "to narrow and clarify the issues in dispute." *Hickman v. Taylor*, 329 U.S. 495, 501 (1947). The Supreme Court further states: "[t]he need to develop all relevant facts in the adversary system is both fundamental and comprehensive.... The very integrity of the judicial system and public confidence in the system depend on full disclosure of all the facts, within the framework of the rules of evidence." *Taylor v. Illinois*, 108 S.Ct. 646 (1988). Discovery is thus ineffective unless parties live up to their --agreed and o<u>rdered</u> -- duty to provide timely, true, explicit responsive along with complete, and candid answers, as has not been the case at hand.

"[D]iscovery . . . minimizes the risk that a judgment will be predicated on incomplete, misleading, or even deliberately fabricated testimony." *Id*. The Court also

recognized that alternative sanctions may be adequate and appropriate in most cases, " it is equally clear that they would be less effective than the preclusion sanction". *Id.* The Court emphasized that the sanction was particularly appropriate in *Taylor* (as does defendant's conduct) because "it is plain that the case fits into the category of willful and misconduct in which the severest sanction is appropriate." *Update Art, Inc. v. Modiin Publishers, et al..* 843 F.2d 67 (2d Cir. 1998).

With respect to defendants' refusal to address Plaintiffs' discovery demands, in particular Plaintiffs' Requests for Admission, this Court in *Farr Man & Co., Inc. v. M/V Rozita*, 903 F.2d 871, 873, 875 (1st Cir. 1990) clearly set forth that in the event the Requests are not responded to within thirty (30) day the same will be deemed admitted. Thus, the Fed.R.Civ.Pro. Rule 37 is fully applicable herein as the defendant has willfully disregarded the simplest of this Court's instruction, refused to engage in discovery, delaying the actions resolution thus furthering defendants' misguided intent to delay and economically hinder Plaintiffs' attempts to resolve the matter.

Defendants' Disregard of and Anticipatory Failure<br>to Appear for Plaintiffs' Schedule Depositions

On April 26, defendant Kent Kholberger was noticed for deposition for June 16, 2004. On Monday, June 14, 2004, Plaintiffs' counsel called defendants' counsel to confirm the attendance of Kent Kholberger, he was out at sea and would not attend. No prior objection was raised to Plaintiffs' Noticed Deposition as prescribed by the Fed.R.Civ.Pro.

On April 26, defendant Chase Freedman Family Trust's 30(b)(6) was noticed for deposition on June 18, 2004. On Monday, June 14, 2004, Plaintiffs' counsel called

defendants' counsel to confirm the attendance of the Connecticut based Chase Freedman Family Trust's 30(b)(6), defendant's counsel stated the Trust would not appear rather defendants' counsel requested Plaintiffs' counsel must identify whom defendant should produce. No prior objection was raised to Plaintiffs' Noticed Deposition as prescribed by the Fed.R.Civ.Pro.

On April 26, defendant *in rem* M/Y Cherosa's 30(b)(6) was noticed for deposition on June 17, 2004. On Monday, June 14, 2004, Plaintiffs' counsel called defendants' counsel to confirm the attendance of *in rem* M/Y Cherosa's 30(b)(6). Counsel simply stated no one would be produced. No prior objection was raised to Plaintiffs' Noticed Deposition as prescribed by the Fed.R.Civ.Pro.

Notwithstanding defendants' utter unwillingness to adhere or even afford a courtesy of a call to reschedule the depositions, Plaintiffs and Plaintiffs' counsel have prepared and assembled documents and materials sufficient to conduct depositions, apparent for naught because the defendants simply didn't want to show up.

Nerveless, and *in lieu* of the utter waste of time the scheduled June 16-18 depositions appear to be Plaintiffs' have undertaken yet another endeavor in rescheduling profession and personal calendars to "oblige" defendants' wishes more properly categorized as wanton neglect.

## Conclusion

It is prayed this Court grant Plaintiffs' requests and therein Compel appearance, responses, production and therein further sanction defendants for defendants' intentions and willful failure to comply with this Court's Order prejudicing Plaintiffs and causing

9

their further, unnecessary, injury.

DATED: June __, 2004

Lee T. Gesmer (BBO #190260)
Kurt Bratten (BBO #644730)
Gesmer Updegrove LLP
40 Broad Street
Boston, Massachusetts 02109
1-617-350-6800 (phone)
1-617-350-6878 (fax)

Bjorn J. Holubar, *pro hac vice*
770 Lexington Avenue, 7th Floor
New York, New York 10021
1-212-980-1992 (direct)
1-212-755-4199 (fax)
Attorneys for Plaintiffs