UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

----------------------------------------------------------------X

JOEL F. HOLUBAR,
&
MARIANA H. HOLUBAR,

                        Plaintiffs,

v.

                                     03-CV-12404-NG

KENT KHOLBERGER;
THE CHASE FREEDMAN-FAMILY TRUST;
&
M/Y CHEROSA, *in rem*,

                        Defendants.

----------------------------------------------------------------X

FILED
IN CLERKS OFFICE

2004 JUN 16  P 2:35

U.S. DISTRICT COURT
DISTRICT OF MASS.

## AFFIRMATION IN SUPPORT OF PLAINTIFFS MOTION

      I, BJORN J. HOLUBAR, an attorney admitted *pro hac vice* to practice in the District of Massachusetts, Boston and the USDC in the State of New York and the Courts of the State of New York, being duly sworn, affirm as follows:

      1.    I am principal trial counsel to Plaintiffs, Joel and Mariana Holubar and am familiar with the facts relevant to Motion now before the Court.

      2.    This Affirmation is submitted in support of the Plaintiffs' Request to Compel and for Rule 37 Sanctions, pursuant to Fed.R.Civ.Pro. R30 & R37 seeking an Order:

            1) compelling the production of witnesses for depositions twice (2x) noticed pursuant to Fed.R.Civ. Pro. 30 *et seq.*;
            2) providing Plaintiffs with sanctions, pursuant to Fed.R.Civ.Pro. Rule 37(a)(b)&(c); therein
                (2a) deeming Plaintiffs' Requests for Admission admitted, for defendants' willful failure to respond;
                (2b) mandating defendants' immediate response and production in accordance with Plaintiffs' outstanding Interrogatories and Document Requests;
                (2c) dismissing defendants' Interrogatories numbered 13-57 (actually 30-151), and/or

          3) striking defendant's Answer,

3.     The basis for Plaintiffs' requested relief is prefaced in defendant's willful disregard and attempted subrogation of the Court's Scheduling Order to the detriment of Plaintiffs.

Facts

4.     On April 16, 2004, over the objection of defendants' counsel, the Court entered an expedited scheduling Order. Attny. Affr. Exhibit 1.

5.     Defendants being duly and properly served, after the time to respond expired calculated from the date of April 26 (Exhibit 2), requested extension to respond on June 4, 2004, without reserving or otherwise ever objecting to Plaintiffs' Notices of Deposition.

6.     With Plaintiffs' depositions scheduled for June 16-18 (Exhibit 7), as of June 14, 2004 defendants have failed to provide responses or otherwise produce with respect to Plaintiffs':

        1) Document Requests, to defendant Kholberger;
        2) Document Requests, to defendant the Chase Freedman Family Trust;
        3) Interrogatories, to defendant Kholberger;
        4) Interrogatories, to defendant the Chase Freedman Family Trust;
        5) Requests for Admission, to defendant Kholberger; and
        6) Requests for Admission, to defendant the Chase Freedman Family Trust,

however, defendant felt capable enough to notice Plaintiffs' for deposition on June 16. Exhibit 3.

7.     However, after response were due by electronic service, or at a minimum on the eve of defendants' responses being due[1] defendants' counsel requested an extension in having to

---

[1] Rather telling of defendants' contrived request to delay this matter's resolution, defendant's counsel believed response due on May 28 such that on May 25 defendants' counsel requested an extension, yet waited until June 4, to bring the same to the Court's attention.

respond stating simply they "just can't get them done"[2] As such defendant's Responses to Plaintiffs' demands were controlled by the April 26, 2004 electronic dispatch[3]. Exhibit 4.

8. Delving into the matter further, defendants' unfounded and untimely request for an extension should not allow defendants to circumvent the Court's Scheduling Order; delay discovery; impact Plaintiffs' priorities in discovery, nor permit defendants to "control" discovery and the timing of this litigation.

8a. Had defendants actually been aware of difficulties in producing responses to Plaintiffs' demands, why then did defendants wait until the eve of the date when the defendants believed their responses to Plaintiffs' Interrogatories were due, *e.g.* May 25, to request the same, and then again wait another week, until time had expired, to bring the same to the Court's attention?

9. Conversely, Plaintiffs' have been able to draft and serve no less than six (6) sets of demands to defendants; draft, serve and prepare for three (3) depositions of defendants; draft and serve no less than four (4) subpoenas, and respond to defendants' document requests and interrogatories in the same time frame. Exhibit 2, 6.

10. As such a review of defendants' conduct with respect to discovery demonstrates a disregard for this Court's Scheduling Order, the Local Rules for the District of Massachusetts ("Local Rules") and the Federal Rules of Civil Procedure ("Fed.R.Civ.Pro.").

11. For example, defendants' Interrogatories are subject to the Local Rules and Fed.R.Civ.Pro. A review of which demonstrates defendants' Interrogatories: 1-exceed the

---

[2] All that was disclosed to Mr. Bratten was "we just can get them done".
[3] As side note, the electronic copies provided, receipt of which was acknowledged.

permissible number of Interrogatories, and 2-are improperly predicated and constructed. Exhibits 5, 7.

12. Local Rules specify that Interrogatories must be limited in number to twenty five (25). In comparison defendants' provide fifty seven (57) compound questions. However, a closer analysis these fifty seven (57) compound question demonstrates that there are no less than -- <u>one hundred and fifty one (151) Interrogatories</u>. Exhibit 7. Accordingly, defendants' Interrogatories numbered 13 (30 by our calculation) and above are rejected for the failure to comply with Local Rules. Counsel was asked to redress their errors, to no avail as the "new" Interrogatories sent were similarly deficient and thus rejected. Exhibit 5, 10.

13. As another example, on Monday, June 14, 2004, Plaintiffs' counsel called defendants' counsel to confirm the attendance of Kent Kholberger, the Chase Freedman Family Trust's 30(b)(6) and the *in rem* M/Y Cherosa's 30(b)(6) appearance at the scheduled depositions only to be informed they were not going to appear. No prior objection was raised in accordance with the Fed.R.Civ.Pro. nor was adjournment or extension sought or requested.

14. Apparently Mr. Kholberger was and still remains at sea for, what six weeks now, with no form of communication with the mainland and new counsel who has never appeared to boot.

15. In turn, the Connecticut based Chase Freedman Family Trust's 30(b)(6), would not be produced as defendant's counsel requested that Plaintiffs' counsel must identify whom defendant should produce.

16. And finally, defendant *in rem* M/Y Cherosa simply stated no one would be produced.

17. Notwithstanding defendants' utter unwillingness to adhere or even afford a courtesy of a call to reschedule the depositions, Plaintiffs and Plaintiffs' counsel have prepared and assembled documents and materials sufficient to conduct depositions, apparent for naught because the defendants simply didn't want to show up.

18. Nevertheless, and *in lieu* of the utter waste of time the scheduled June 16-18 depositions appear to be Plaintiffs' have undertaken yet another endeavor in rescheduling profession and personal calendars to "oblige" defendants' wishes more properly categorized as wanton neglect. Exhibit 9 & 10.

19. The Court Ordered an expedited schedule to conclude matters. Materially contingent therein was the initiation and conclusion of discovery. However, defendants mock Plaintiffs and attempt to sustain their objection to this Court's Scheduling Order and thus "control" the schedule otherwise set by the Court.

20. Defendant's intentional, unilateral, delay is undertaken to hinder and prejudice Plaintiffs.

**WHEREFORE**, it is respectfully requested that the Court grant Plaintiffs' their requested relief.

Dated: June 14, 2004

Respectfully submitted,

Bjorn J. Holubar (BH-9691)
770 Lexington Avenue, 7th Fl
New York, New York 10021
1-516-446-1546
1-212-755-4199
bholubar_esq@hotmail.com