UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE
2004 JUN 30 P 4: 54
U.S. DISTRICT COURT
DISTRICT OF MASS.

|  |  |
|---|---|
| JOEL F. HOLUBAR and MARIANA H. HOLUBAR,<br><br>    Plaintiffs<br><br>v.<br><br>KENT KHOLBERGER, CHASE-FREEDMAN FAMILY TRUST and M/Y CHEROSA, *in rem*,<br><br>    Defendants | Civil Action No. 03-CV-12404-NG |

### DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION PURSUANT TO FED. R. CIV. P. 37, AND DEFENDANTS' CROSS-MOTION TO STRIKE

Defendants oppose plaintiffs' "motion pursuant to Fed. R. Civ. Pro. [sic] 37."

As a threshold matter before addressing the "merits" of plaintiffs' motion, Defendants cross-move to strike plaintiffs' motion for failure to comply with Local Rule 37.1 governing discovery disputes.

Alternatively, for the reasons summarized below, the motion is without merit and, therefore, it should be denied.

1. <u>Failure to Comply With Local Rule 37.1</u>

Local Rule 37.1 sets forth detailed requirements to be followed by an aggrieved party "[b]efore filing any discovery motion, including any motion for sanctions." L.R. 37.1(A). Plaintiffs did not comply with these requirements.

L.R. 37.1(B) requires that any discovery motion shall include a certificate "that the provisions of this rule have been complied with." Plaintiffs' motion does not include such a certificate.

Because plaintiffs failed to comply with L.R. 37.1, their motion should be striken.

2. <u>Deposition Schedule</u>

Plaintiffs request an order compelling the attendance of the defendants for their depositions by plaintiffs in August 2004. Their request is premature, unnecessary and unwarranted. Plaintiffs noticed the depositions of the defendants to take place in late June. On June 14, 2004, days before those deposition dates, this Court granted defendants' motion to extend the time for defendants to respond to plaintiffs' initial written discovery requests, until July 6, 2004. Docket entry 6-14-04. On the day the Court granted the extension of time for paper discovery, June 14, 2004, defendants' lead counsel, Mr. Radzik, expressly informed plaintiffs' counsel of the obvious: that the depositions of the defendants should be postponed until after the initial paper discovery.

Fed. R. Civ. P. 30(d)(2) limits a deposition to one day of seven hours. It made no sense to go forward with the depositions in June, knowing that they would have to be conducted again later after the paper discovery period. This would have been costly, inconvenient and unduly burdensome. At the time this matter was under discussion, before the time of the June depositions, plaintiffs issued new deposition notices for August depositions of the defendants, thus rendering the June notices moot.

Under these circumstances, Plaintiffs' request for an order to compel, and for sanctions, should be denied.

3. Alleged Failure of Defendants to Timely Respond to Paper Discovery

In light of the fact that on June 14, 2004 this Court granted a motion to extend the time for defendants to respond to paper discovery, it is difficult to fathom why plaintiffs chose to go ahead two days later and file their motion under Rule 37 on June 16 complaining about the defendants' not resonding to paper discovery before the new date set by the Court.

On this point, plaintiffs' motion is frivolous.

4. Defendants' Interrogatories

Defendants promptly revised their interrogatories when plaintiffs complained that they were too numerous. Therefore, this is also a moot point not warranting any Court order or sanctions.

### Conclusion

Defendants' motion pursuant to Fed. R. Civ. P. 37 should be denied.

Respectfully submitted,

_[signature]_

Curtis C. Pfunder (BBO# 397700)
92 State Street
Boston, MA 02109
(617) 248-0200

Date: June 30, 2004

Edward C. Radzik
Donovan Parry McDermott & Radzik
Wall Street Plaza
88 Pine Street
New York, NY 10005
(212) 376-6400

Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of June 2004 a copy of the above document was served upon the attorneys of record for each party by U.S. mail (or: _____) as shown below:

_____
Curtis C. Pfunder

Kurt E. Bratten, Esq.
Gesmer Updegrove, LLP
40 Broad Street
Boston, MA 02109

Bjorn J. Holubar, Esq.
770 Lexington Avenue, 7th Floor
New York, NY 10021

Edward C. Radzik, Esq.
Donovan Parry McDermott & Radzik
Wall Street Plaza
88 Pine Street
New York, NY 10005

4