UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOEL F. HOLUBAR and MARIANA H. HOLUBAR,<br><br>Plaintiffs<br><br>v.<br><br>KENT KHOLBERGER, CHASE-FREEDMAN FAMILY TRUST and M/Y CHEROSA, *in rem*,<br><br>Defendants | Civil Action No. 03-CV-12404-NG |

MOTION OF DEFENDANT
CHASE-FREEDMAN FAMILY TRUST
FOR PROTECTIVE ORDER

Pursuant to Fed. R. Civ. P. 26(c), defendant The Chase-Freedman Family Trust (the "Trust"), moves for a protective order protecting the Trust from being deposed by plaintiffs.

In support of this motion, the Trust submits as follows:

1. On or about June 14, 2004 plaintiffs served the Trust with an unsigned draft notice of deposition pursuant to Fed. R. Civ. P. 30(b)(6), purporting to notice a deposition of the Trust on August 19, 2004 in Boston.[1]

---

[1] The June 14, 2004 unsigned draft notice of deposition served on counsel for the Trust states that the Trust's deposition was "previously scheduled for June 17, 2004." That is inaccurate, as the Trust's deposition was previously noticed for June 18, 2004.

2

2. The June 14, 2004 draft notice of deposition of the Trust is legally defective because it is not signed as required by Fed. R. Civ. P. 11. Therefore, the Trust was not properly notified of the proposed deposition and should not be required to comply with the unsigned draft notice.

3. Plaintiffs have already discovered virtually all the information about the Trust that has any relevance to the issues in this case, by three other methods of discovery: document requests, interrogatories and requests for admissions.

4. The Trust has already responded to all three of these methods of discovery already used by plaintiffs, producing documents and objecting to certain document requests as appropriate, answering and objecting to interrogatories as appropriate, and responding and objecting to plaintiffs' requests for admissions as appropriate.

5. In light of the limited relevance of the Trust to the issues in this case, and the generous disclosure of information already provided by the Trust and other defendants to plaintiffs in response to these three other methods of discovery, justice requires that the Court now step in and protect the Trust from the annoyance, oppression, undue burden and expense of having to testify in a duplicative and unnecessary deposition.

6. Moreover, the family Trust can only be deposed through its agent(s), the trustees. The trustees have nothing to do with the alleged personal injuries and property damage in this case. Questions concerning causation and damages in this case have no connection to the Trust.

7. The Trust has already: (a) admitted that the boat in question, defendant M/Y Cherosa, was owned by the Trust on the date of the alleged incident, August 24, 2001[2];

---

[2] Defendant Chase-Freedman Family Trust's Response to Plaintiffs' Requests for Admissions, Response No. 5 (7/2/04).

2

(b) admitted that the Trust maintained liability insurance that was current on August 24, 2001[3]; produced a copy of the relevant $15,000,000 insurance policy to plaintiffs[4], establishing that the boat is adequately insured to cover the two individual plaintiffs' claims for lost sport fishing equipment and minor personal injuries.

8. Furthermore, plaintiffs already plan to depose the former Captain of the Cherosa, defendant Kent Kholberger, and will also depose the former first mate and current Captain (James Abruzzi) on August 17 and 18, respectively.

9. Armed with this wealth of information provided by the Trust and the other defendants, it is difficult to fathom why plaintiffs would still have any need to also depose the family Trust. Plaintiffs' proposed deposition of the Trust is unreasonably cumulative, duplicative, expensive, oppressive, unduly burdensome and intrusive.

10. Plaintiffs' desire to launch yet another "fishing expedition" -- to troll through completely irrelevant information about the family Trust's private affairs, hoping to perhaps hook into something of interest -- has no legitimate basis in this litigation.

11. The unsigned deposition notice directed to the Trust is also defective in that it purports to designate Boston as the location of the deposition. The office of the defendant Trust is located in Hartford, Connecticut. Even if the Trust were somehow properly to be deposed, the Trust should not be forced to bear the expense, travel time and inconvenience of traveling to Boston, simply for the convenience of plaintiffs. Rather, any potential deposition notice by plaintiffs to the Trust would have to designate Hartford as the location of the deposition, and plaintiffs' counsel would need to travel there to take a deposition of the Trust.

---

[3] Defendant Chase-Freedman Family Trust's Response to Plaintiffs' Requests for Admissions, Response No. 3a (7/2/04).
[4] The insurance policy was sent to plaintiffs on or about July 2, 2004.

12. Plaintiffs have already abused the discovery process by requesting the family Trust: to identify all trustees of the Trust in 2001, their compensation and their present contact information; to identify the beneficiaries of the Trust in 2001 and their present contact information; to state the dollar amount of the corpus of the Trust in 2001 with a complete listing of assets and their location. The Trust has already objected to these improper interrogatories which seek information that is not relevant to the subject matter of this litigation and not reasonably calculated to lead to the discovery of admissible evidence.[5]

13. Similarly, plaintiffs have requested irrelevant documents such as copies of the Trust's tax returns and other financial documents, including salary information, all documents relating to the Trust's beneficiaries in 2001, and more. Not surprisingly, the Trust has rightly objected to these improper document requests.[6]

14. It appears that plaintiffs are misusing the litigation process to harass the Trust in the hope it may pay them to go away.

---

[5] Defendant Chase-Freedman Family Trust's Response to Plaintiffs' Requests for Admissions, Response Nos. 9, 10 and 11 (7/2/04).

[6] Defendant Chase-Freedman Family Trust's Response to Plaintiffs' Document Requests (7/2/04).

4

Conclusion

The Trust's motion for a protective order under Fed. R. Civ. P. 26(c) should be granted. Plaintiffs should not be permitted to depose the Trust (on August 19, 2004, or thereafter).

Respectfully submitted,
The Chase-Freedman Family Trust,
by its attorneys,

Date: August 13, 2004

Edward C. Radzik, Esq.
Donovan Parry McDermott & Radzik
Wall Street Plaza
88 Pine Street
New York, NY 10005-1801
(212) 376-6400

_____
Curtis C. Pfunder
92 State Street
Boston, MA 02109
617 248-0200
BBO#397700

Attorneys for Defendants

Certificate of Conference

Pursuant to Local Rules 7.1 and 37.1, I attempted to confer with plaintiffs' counsel in good faith to try to resolve or narrow the areas of disagreement to the greatest possible extent. On August 13, 2004 I left telephone messages for kurt Bratten, Esq. and Bjorn Holubar, Esq. to call me promptly, but I have not yet received a call back. I still wish to confer and see if there is any possibility that we may obviate the need for the Court to decide this motion. Realistically, however, in light of plaintiffs' pending motion to compel (set for hearing September 10, 2004), and Attorney Holubar's previous statements and conduct of this litigation to date, plaintiffs' opposition to the above motion appears to be a foregone conclusion.

_____
Curtis C. Pfunder

5

## Certificate of Service

I certify that on this __13__ day of August, 2004 I served a copy of the above document on counsel for plaintiffs as indicated below by U.S. mail / _____:

Bjorn J. Holubar, Esq.
770 Lexington Avenue, 7th Floor
New York, NY 10021
516-446-1546 direct
212 980-1992

Kurt E. Bratten, Esq.
Lucash, Gesmer & Updegrove LLP
40 Broad Street
Boston, MA 02109

Counsel for Plaintiffs

_____
Curtis C. Pfunder