UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOEL F. HOLUBAR and MARIANA H. HOLUBAR,<br><br>        Plaintiffs<br><br>v.<br><br>KENT KHOLBERGER, CHASE-FREEDMAN FAMILY TRUST and M/Y CHEROSA, *in rem*,<br><br>        Defendants | Civil Action No. 03-CV-12404-NG |

## JOINT STATEMENT

This Joint Statement is submitted in accordance with the Court's Scheduling Order [1] dated April 16, 2004 ("Scheduling Order") in preparation for the Scheduling Conference on September 10, 2004.

Counsel for plaintiffs and defendants have conferred and together submit this Joint Statement.

I. CASE STATUS

    Plaintiffs' Statement of Case Status

Fact discovery has not been completed and all parties seek an extension of the deadline for fact discovery in this case. The Plaintiffs state that fact discovery has been delayed by the conduct of the Defendants, as described in Plaintiffs' Motion Pursuant to Rule 37 which is presently pending before the Court. Further, the Defendants have failed to timely respond to

---

[1] This is a brief Joint Statement as ordered pursuant to the Scheduling Order.

written discovery requests, refused to produce witnesses for deposition that were properly and timely noticed and failed to provide documents admittedly in the Defendants' possession to which the Plaintiffs are entitled. Indeed, some of the documents that the Defendants have refused to produce include potentially exculpatory evidence, which has forced the Plaintiffs to file a second action in this Court.

The Plaintiffs assert that documents responsive to the Defendants Requests for the Production of Documents were sent to Defendants' counsel at the time this Joint Statement was filed.

The Plaintiffs state that all timely filed discovery motions should be addressed at the September 10, 2004 Status Conference.

Defendants' Statement of Case Status

Fact discovery is in progress, but more time is needed to complete it. Defendants need more time because plaintiffs failed to timely produce documents, so defendants have not yet been able to review the documents to prepare for and take the depositions of plaintiffs or others.

Meanwhile, defendants have timely complied with all their discovery obligations and have produced three witnesses (one on behalf of each defendant) whose depositions have been taken by plaintiffs.

After these witnesses were deposed, plaintiffs' counsel informed defendants' counsel that, because of possible mistaken identity of the vessel, plaintiffs have filed another lawsuit in this Court alleging that a different vessel and different defendants caused the same alleged wake and damages claimed in the instant case. Defendants have not yet seen plaintiffs' new lawsuit papers.

Several discovery motions are pending, and all should be taken up at the status conference on September 10, 2004.

II.  DISCOVERY PLAN

The parties agree that the current fact discovery deadline of September 3, 2004 should be extended.

Plaintiffs' Proposal

The Plaintiffs propose that all fact discovery be completed by November 30, 2004 and that all expert discovery be completed by January 31, 2005.

Defendants' Proposal

Defendants propose that the Court continue the same approach that it adopted at the outset of this case as reflected in the scheduling Order dated April 16, 2004, i.e., phased discovery, pursuant to L.R. 16.1(D)(1)(b). Phase 1 is fact discovery, including document production and depositions of fact witnesses, to develop information needed for all parties to make a realistic assessment of the case.

Phase 1 discovery should close on a future date to be determined by the Court at the scheduling conference on September 10, 2004, after consideration of Defendants' Motion for an Order Compelling Discovery. Defendants cannot now meaningfully propose a particular date by which their opportunity to conduct depositions, etc. should end, unless and until plaintiffs produce documents which, to date, they have failed to do.

A scheduling conference should be set for approximately two weeks after the close of fact discovery. At that time, scheduling for the remainder of the case through trial will be addressed.

If the case does not terminate by the close of fact discovery, Phase 2 discovery would then be permitted, including: designation of expert witnesses, if any, and production of expert reports, production of rebuttal expert reports, and depositions of experts; all by dates to be

determined by the Court at the status conference to be held after the close of fact discovery. Rule 26(a)(3) pretrial disclosures may be scheduled after the completion of discovery.

## III. SCHEDULE FOR FILING MOTIONS

The parties have agreed on a schedule for the filing of motions. They propose that all motions concerning discovery matters shall be filed by the close of discovery and that all dispositive motions shall be filed no later than thirty days after the close of discovery.

## IV. TRIAL BY MAGISTRATE JUDGE

The parties do not consent to a trial by a Magistrate Judge.

## V. ALTERNATE DISPUTE RESOLUTION

No agreement exists at this time for consent to alternate dispute resolution.

## VI. AGENDA ITEM

Defendants wish to add to the agenda for this Status Conference on September 10, 2004, the topic of procedures to be followed for signing, filing and serving pleadings, certificates of service, correspondence and other documents, not only with the Court, but also among counsel.

                                                      Date: September 3, 2004

Respectfully submitted,

/s/ Curtis C. Pfunder
Curtis C. Pfunder (BBO# 397700)    Attorneys for Defendants
92 State Street
Boston, MA 02109
(617) 248-0200


Edward C. Radzik
Donovan Parry McDermott & Radzik
Wall Street Plaza
88 Pine Street
New York, NY 10005
(212) 376-6400


/s/ Kurt E. Bratten
Lee T. Gesmer, Esq.  (BBO#190260)    Attorneys for Plaintiffs
Kurt E. Bratten, Esq.  (BBO#644730)
Gesmer Updegrove, LLP
40 Broad Street
Boston, MA 02109
kurt.bratten@gesmer.com
617 350-6800

Bjorn J. Holubar, Esq.
770 Lexington Avenue, 7th Floor
New York, NY 10021
212 980-1992