UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

---------------------------------------------------------X
JOEL F. HOLUBAR, and
MARIANA H. HOLUBAR,

        Plaintiffs,

v.                                           Civil Action No. 03 CV 12404 (NG)

KENT KHOLBERGER; THE CHASE
FREEDMAN-FAMILY TRUST and
M/Y CHEROSA, *in rem*,

        Defendants.
---------------------------------------------------------X

## **DEFENDANTS' MOTION FOR AN ORDER COMPELLING DISCOVERY**

Defendants, Kent Kohlberger (hereinafter "Kohlberger"), The Chase-Freedman Family Trust (hereinafter the "Trust") and M/Y CHEROSA, *in rem* (hereinafter the "Vessel"), by and through their undersigned attorneys, move pursuant to Federal Rule of Civil Procedure 37 and Local Rule 37.1, for an order directing that Plaintiffs, Mariana and Joel Holubar, produce all outstanding discovery owed to Defendants.

In support of this Motion, Defendants submit the following:

Defendants' Discovery Demands

On May 6, 2004, Defendants served Plaintiffs' counsel, by U.S. Mail, Interrogatories pursuant to Rule 33, Defendants' First Request for Production of Documents pursuant to Rule 34 and Notice of Depositions of Plaintiffs Joel and Mariana Holubar pursuant to Rule 30. (*See* Interrogatories attached hereto as **Exhibit "1"**, Request for Production of Documents attached hereto as **Exhibit "2"** and Notice of Deposition attached hereto as **Exhibit "3"**). On June 3, 2004, Defendants served

Plaintiffs counsel by U.S. Mail, with Revised Interrogatories not exceeding 25. (*See* **Exhibit "4"**).[1]

To date, Plaintiffs have failed to respond to Defendants' discovery requests, have produced no documents supporting their claims, have identified no witnesses and have failed produce Plaintiffs, or any other witnesses, for deposition.

Plaintiffs' Defective, Inadequate and Improper Discovery Responses

On June 15, 2004, Plaintiffs sent to Defendants' local counsel, Curt Pfunder, by e-mail, "Plaintiff's Response to Defendant's First Request for Production of Documents,"(hereinafter "Plaintiff's Response") which was unsigned and dated June 8, 2004. (*See* "Plaintiff's Response to Defendant's First Request for Production of Documents" attached hereto as **Exhibit "5"**; *see also* Plaintiffs' counsel, Bjorn Holubar's e-mail attaching "Plaintiff's Response" attached hereto as **Exhibit "6"**). Accompanying the supposed "Plaintiff's Response" was an unsigned certificate of service, also dated June 8, 2004, purporting to send the response via regular mail to both local counsel Mr. Pfunder and lead counsel Edward Radzik. (*See* **Exhibit "5"**). A fully executed Response was never received by Mr. Pfunder or Mr. Radzik by regular mail or otherwise. The e-mailed "Plaintiff's Response" repeatedly states that "Plaintiffs will produce responsive documents, to the extent that such documents exist and are in Plaintiffs' possession, within the time frame of this litigation" and that "Plaintiffs will produce responsive materials in accordance with the Federal Rules of Civile Procedure, Federal Rules of Evidence and the Local Rules for the District of Massachusetts." (*See* **Exhibit**

---

[1] By letter dated June 2, 2004, Plaintiffs' counsel, Bjorn Holubar, unreasonably demanded that Defendants redraft their interrogatories and serve them by Federal Express, two days later on June 4, 2004. (A copy of Plaintiffs' letter is attached hereto as **Exhibit "7"**). Despite the unreasonable time frame of Plaintiffs' demand, Defendants redrafted the interrogatories to comply with the Local Rules and served them by Federal Express the next day (June 3, 2004). (*See* the Certificate of Service accompanying the Revised Interrogatories attached hereto as **Exhibit "4"**). Plaintiffs have not responded to the Revised Interrogatories.

"5"). "Plaintiff's Response" also promises to produce "Medical Release." (*See* **Exhibit "5"**). Absolutely no documents or medical releases were produced with the e-mailed "Plaintiff's Response," nor have any documents or medical releases been produced subsequently.

On June 15, 2004, Plaintiffs also sent to Curt Pfunder, by e-mail, "Plaintiff Mariana Holubar's Verified Responses to Defendants Interrogatories to Plaintiffs," (hereinafter "Mariana Holubar's Verified Responses") which was unsigned and undated, with an unsigned certificate of service purporting to send "Marina Holubar's Verified Responses" via regular mail to both Mr. Pfunder and Mr. Radzik. (*See* **Exhibit "8"**). A fully executed Response was never received by Mr. Pfunder or Mr. Radzik in the mail.[2] Defendants' Revised Interrogatories were never answered.

Documents Fraudulently Submitted in Connection with Plaintiffs' Motion to Compel

In connection with Plaintiffs' June 16, 2004 Motion to Compel, Plaintiff submitted copies of "Plaintiff, Joel F. Holubar's, Verified Responses to Defendants' Interrogatories to Plaintiffs" and "Plaintiff, Mariana Holubar's Verified Responses to Defendants Interrogatories to Plaintiffs," which appear to have been executed and notarized on June 4, 2004.[3] Accompanying the "Verified Responses" were certificates of service, certifying that they were served by regular mail on June 8, 2004 upon Mr. Pfunder and Mr. Radzik. (*See* Exhibit 6 of Plaintiffs' "Affirmation in Support of Plaintiffs Motion"). These certificates of service are false, as the "Verified Responses" were never

---

[2]As discussed *supra*, a copy of an executed "Mariana Holubar's Verified Responses" was submitted with Plaintiffs' June 15, 2004, Motion to Compel, however, it was never served upon Mr. Radzik or Mr. Pfunder as certified. (*See* **Exhibit "9"**).

[3]These documents were included as part of Plaintiffs' Exhibit 7, to its "Affirmation in Support of Plaintiffs Motion", without reference and, therefore, may or may not have been included with the Exhibits filed with the Court. Thus, we have attached a copy of "Mariana Holubar's Verified Responses" as **Exhibit "9"** and a copy of "Joel F. Holubar's Verified Responses" as **Exhibit "10"** for the Court's review.

served by mail prior to being received on June 16, 2004, as part of Plaintiffs' Motion upon either Mr. Pfunder or Mr. Radzik.

Good Faith Attempts to Secure Discovery From Plaintiffs Without Court Action

Plaintiffs' counsel, Bjorn Holubar, has on repeated occasions promised to produce the outstanding discovery and consistently failed to do so. In particular, Mr. Radzik conferred with Mr. Holubar on August 17, 2004, on the day of Kent Kohlberger's deposition in Boston, and Mr. Holubar promised to produce documents responsive to Defendants' discovery demands. Mr. Radzik also conferred with Mr. Holubar following the Rule 30(b)(6) deposition of the Trust (by Cheryl Chase) on August 24, 2004 wherein, again Mr. Holubar promised to produce outstanding discovery.[4] On August 27, 2004, Mr. Radzik left a message for Mr. Holubar requesting a conference to resolve the parties discovery disputes, namely that Plaintiffs have not produced any documents or witnesses. Later on August 27, 2004, Mr. Radzik spoke with Mr. Holubar further demanding outstanding discovery, in particular, purported documentation of Plaintiffs' claims. During that conversation, Mr. Holubar defended his failure to produce discovery responses by asserting that "I cannot be in two places at once." During the August 27, 2004 conference, Mr. Radzik and Mr. Holubar agreed to follow up with a <u>scheduled</u> telephone conference with local counsel Curt Pfunder also participating, to be held on August 30, 2004 at 10:00 a.m., to try again to resolve this, and other, discovery disputes. On August 30, 2004 at 10:00 a.m., Mr. Radzik initiated a telephone conference with Mr. Pfunder and Mr. Holubar by telephone, but Mr. Holubar could not be reached. A message was left

---

[4]On August 24, 2004, Mr. Holubar finally indicated a willingness to produce the Plaintiffs for deposition, however, this "offer" was empty given that Plaintiffs' documents had not yet been produced. Mr. Radzik explained, again, that he would take the depositions after the outstanding documents had been produced and a reasonable opportunity to review them had been provided.

by Mr. Radzik and Mr. Pfunder for Mr. Holubar on his voice mail, which was not returned until the next day. On August 31, 2004, Mr. Holubar left a message on Mr. Radzik's voice mail indicating that he would initiate another conference that day at 3:00 p.m. However, Mr. Holubar never attempted to reach Mr. Radzik or Mr. Pfunder by phone at 3:00 p.m. on August 31, 2004. After multiple conferences regarding this discovery dispute, and repeated broken promises by Mr. Holubar to produce documents, discovery remains outstanding and good faith efforts to resolve the dispute have proved futile.

Defendants Have Fully Complied With Plaintiffs' Extensive Discovery Demands

On May 4, 2004, Defendants received extensive discovery demands from Plaintiffs including: 1) Notice of Deposition of Kent Kohlberger; 2) Rule 30(b)(6) Notice of Deposition of the Trust; 3) Rule 30(b)(6) Notice of Deposition of the Vessel; 4) Document Requests to Kohlberger; 5) Document Requests to the Trust; 6) Interrogatories to Kohlberger; 7) Interrogatories to the Trust; 8) Request for Admissions to Kohlberger; and 8) Request for Admissions to the Trust. The Certificates of Service for the discovery demands identified in Paragraph 7 certify that the demands were served via regular mail on April 26, 2004, eight days before they were received by Mr. Radzik's office. (*See* **Exhibit "11"**). Plaintiffs' counsel subsequently amended its Certificate of Service stating that the discovery demands identified in Paragraph 7 were served by e-mail on April 26, 2004, and served by regular mail on May 3, 2004. (*See* **Exhibit "12"**). On or about June 14, 2004, Plaintiffs purportedly re-noticed the deposition of each defendant by causing unsigned notices to be sent via e-mail to Defendants' local counsel Curt Pfunder together with unsigned certificates of service indicating that the notices were served by mail, which they were not. (*See* **Exhibit "13"**).

On June 3, 2004, Defendants moved for an extension of the time to respond to Plaintiffs discovery demands until July 6, 2004. On June 14, 2004, the Court granted Defendants motion to

extend the time to respond to Plaintiffs' discovery demands until July 6, 2004. On June 16, 2004, <u>after</u> the discovery deadline had been extended by the Court, Plaintiffs filed a unwarranted motion seeking to compel discovery and for other relief.

On July 2, 2004, four days before the extended deadline, Defendants served upon counsel for Plaintiffs, by U.S. Mail, Responses to all of Plaintiffs' Document Requests, Interrogatories and Requests for Admission. On August 17, 2004, Defendants produced for deposition in Boston, at the Offices of Gesmer & Updegrove LLP, Defendant Captain Kent Kohlberger. On August 24, 2004, Defendants produced for deposition in New York, at Mr. Radzik's offices, witness and current captain of the M/Y Cherosa, Captain James Abbruzzi as a representative of the Vessel. On August 24, 2004, Defendants produced for deposition in New York, Ms. Cheryl Chase, a representative of the Chase-Freedman Family Trust. Thus, Defendants have fully complied with Plaintiffs' discovery demands.

## Conclusion

Based on the forgoing, the Exhibits submitted herewith, Defendants' Certificate of Conference and the Memorandum of Law in Support of Defendants' Motion for an Order Compelling Discovery, Defendants respectfully request that the Court grant this Motion and Order Plaintiffs to:

1. Produce all documents requested in Defendants' May 6, 2004 Request for Production of Documents;
2. Produce all documents obtained by Plaintiffs through non-party subpoenas;
3. Answer Defendants' June 3, 2004 Revised Interrogatories;
4. Provide medical releases for both Plaintiffs; and
5. Produce both Plaintiffs for deposition *after* (1) through (3) have been provided.

Date: September 1, 2004

        Respectfully submitted,

        Kent Kohlberger, the Chase-Freedman Family Trust,
        and the M/Y CHEROSA, *in rem*,
        by its attorneys,

        Edward C. Radzik
        Donovan Parry McDermott & Radzik
        Wall Street Plaza
        88 Pine Street - 21st Floor
        New York, New York 10005
        (212) 376-6400

        Curtis C. Pfunder (BBO # 397700)
        92 State Street
        Boston, Massachusetts 02109
        (617) 248-0200

        Attorneys for Defendants

## Certificate of Conference

Pursuant to Local Rule 37.1, defense counsel Edward Radzik and Curtis Pfunder conferred with Plaintiffs' counsel in good faith to try to resolve or narrow the areas of disagreement to the greatest possible extent concerning the above motion.

*Edward C. Radzik*

## Verification

I hereby verify that the material facts set forth in the above Motion for an Order Compelling Discovery are true and accurate to the best of my knowledge, information and belief.

*Edward C. Radzik*

## Certificate of Service

I certify that on this 1st day of September, 2004, I served a copy of the above document on counsel for Plaintiffs as indicated below by Express Mail:

Bjorn J. Holubar, Esq.
770 Lexington Avenue, 7th Floor
New York, New York 10021

Kurt E. Bratten, Esq.
Gesmer Updegrove LLP
40 Broad Street
Boston, Massachusetts 02109

*Edward C. Radzik*