UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JOEL F. HOLUBAR )
and )
MARIANA H. HOLUBAR, )
        Plaintiffs )
)
v. )  Civil Action No. 03-CV-12404-NG
)
KENT KHOLBERGER, )
CHASE-FREEDMAN FAMILY TRUST )
and )
M/Y CHEROSA, *in rem*, )
        Defendants )

## SECOND MOTION OF DEFENDANT CHASE-FREEDMAN FAMILY TRUST FOR PROTECTIVE ORDER

Pursuant to Fed. R. Civ. P. 26(c), defendant The Chase-Freedman Family Trust (the "Trust"), submits its Second Motion for a Protective Order to protect the Trust from improper discovery by plaintiffs.

In support of this motion, the Trust submits as follows:

1. On or about August 26, 2004 plaintiffs served the Trust with two notices of depositions pursuant to Fed. R. Civ. P. 30(b)(6), purporting to notice the depositions of two alleged "employees" of the Trust, Ian Morris and David Chase, on September 14, 2004 in Boston. Copies of these notices are attached hereto as Exhibits 1 and 2.

2. The Trust has already produced Ms. Cheryl Chase as its Rule 30(b)(6) witness. She was deposed on August 24, 2004 in New York City. See letter of August 19, 2004 from Attorney Curtis Pfunder to the Court, Docket No. 30. A copy of the letter is attached hereto as Exhibit 3.

3. Ian Morris is not an employee of the Trust.

4. David Chase is not an employee of the Trust.

5. The vessel Cherosa has already produced Captain James Abruzzi as its Rule 30(b)(6) witness. He was deposed on August 24, 2004 in New York City.

6. Ian Morris, the former engineer of the vessel, is no longer employed by the vessel.

7. Defendant Kent Kholberger, the former Captain of the vessel, also was deposed by plaintiffs, on August 17, 2004. Thus, defendants have already produced three witnesses for depositions by plaintiffs, in addition to the myriad written discovery the defendants timely produced to plaintiffs.

8. In contrast, to date, plaintiffs have failed to keep their repeated promises to produce documents that were due months ago, As a result, defendants have not been able to prepare for or take the depositions of plaintiffs (or others). Defendants noticed the depositions of plaintiffs months ago (to be taken after plaintiffs produce documents), long before the August 26 notices issued by plaintiffs. Under these circumstances, a protective order is appropriate.

9. David Chase suffers from Parkinson's Disease. Plaintiffs' proposal to now take multiple depositions of the Trust -- via Mr. Chase -- is oppressive and amounts to harassment.

10. Boston is not the appropriate or convenient location for these proposed depositions. The office of the defendant Trust is located in Hartford, Connecticut. Even if plaintiffs were permitted to depose the Trust three times -- which they are not [1] -- the Trust should not be forced to bear the expense, travel time and inconvenience of traveling to Boston, simply for the convenience of plaintiffs.[2]

11. The notices were not accompanied by subpoenas.

12. The certificates of service of the notices are incorrect, contain various contradictory and later-altered dates, refer to the wrong witness (Kent Kholberger), and are legally defective. [3]

13. The notices unilaterally set a September 14, 2004 deposition date that is not convenient, and they ignore the current fact discovery deadline of September 3, 2004 (set by the Court's April 16, 2004 Scheduling Order). [4]

---

[1] Fed. R. Civ. P. 30(d)(2) limits a deposition to one day of seven hours. Given the limited relevance of the Trust to the contested issues in this case, plaintiffs earlier agreed to limit the duration of their deposition of the Trust on August 24 to two hours (see Exhibit 3). They now seek to circumvent their agreed limit by the simple expedient of noticing second and third depositions of the Trust by two other alleged "employees" of the Trust who are in fact not employees of the Trust. The Court ought not condone such tactics.

[2] Rather, any potential deposition notice by plaintiffs to the Trust would have to designate Hartford as the location of the deposition, and plaintiffs' counsel would need to travel there, unless another arrangement is worked out by agreement, as happened before regarding the deposition of the Trust. See, e.g., Docket No. 30, Exhibit 3. In that instance, the deposition of the Trust was conducted in New York by agreement, but only *after* plaintiffs' unreasonable insistence on taking the deposition in Boston -- even though both lead counsels' offices are in New York -- and the Trust was forced to go to the effort and expense of preparing and filing its first motion for protective order on August 13, 2004. (Docket Nos. 28 & 29). The first motion was later withdrawn without prejudice. See Exhibit 3.

[3] On August 24, 2004 plaintiffs' lead counsel, Bjorn Holubar, sent to defendants' local counsel, Curt Pfunder, by email only, unsigned versions of these two notices. Not only the emailed versions, but also the paper versions that were postmarked August 27, 2004, contain various contradictory dates of August 24, 25 and 26, 2004.

[4] After the notices were issued, on September 1, 2004, the parties agreed to seek an extension of the fact discovery deadline. But the proposed extension had *not* been agreed to at the time plaintiffs issued the notices, nor has it been granted yet. Plaintiffs' notices reflect plaintiffs' disregard for the discovery schedule except when it suits them. The reason defendants now need more time for fact discovery is because of plaintiffs' failure to timely produce written discovery after repeatedly promising to do so. See Defendants' Motion for an Order to Compel Discovery dated September 1, 2004. Defendants certainly do not wish to extend the time for fact discovery for the purpose of rewarding plaintiffs by letting them repeatedly depose the Trust and harass Mr. Chase.

14. The notices are contrary to Attorney Holubar's agreement with Mr. Radzik following the deposition of the Trust (via Ms. Cheryl Chase) on August 24, to immediately produce documents and other written discovery (which plaintiffs were supposed to produce months ago) and then propose mutually convenient dates for defendants to take the depositions of the plaintiffs (whose depositions have also been previously noticed by defendants and remain extant).

15. On August 27, 2004, Attorney Radzik conferred by telephone with Attorney Holubar, and Mr Radzik requested that plaintiffs withdraw the notices, for a variety of reasons. Mr. Holubar refused to do so. Attorney Radzik also faxed a letter to Attorney Holubar on August 30 outlining the Trust's objections to the notices of depositions. A copy of that letter is attached hereto as Exhibit 4. On September 1, 2004 Mr. Radzik and Mr. Pfunder conferred with Mr. Holubar and Mr. Bratten and tried again to resolve this matter. Mr. Holubar again refused to do so, forcing the Trust to file this motion.

16. Plaintiffs have already discovered virtually all the information about the Trust that has any relevance to the issues in this case, by four methods of discovery: document requests, interrogatories, requests for admissions and a previous Rule 30(b)(6) notice of deposition of the Trust.

17. The Trust has already responded to all four of these methods of discovery, producing documents and objecting to certain document requests as appropriate, answering and objecting to interrogatories as appropriate, responding and objecting to plaintiffs' requests for admissions as appropriate, and producing a Rule 30(b)(6) representative of the Trust, Ms. Cheryl Chase, who was deposed on August 24, 2004 in New York City.

18. In light of the limited relevance of the Trust to the issues in this case, and the generous disclosure of information already provided by the Trust and other defendants in response to plaintiffs' comprehensive discovery inquiries, justice requires that the Court now step in and protect the Trust from the annoyance, oppression, undue burden and expense of having to testify in two more duplicative and unnecessary depositions.

19. The Trust has already: (a) admitted that the boat in question, defendant M/Y Cherosa, was owned by the Trust on the date of the alleged incident, August 24, 2001[5]; (b) admitted that the Trust maintained liability insurance that was current on August 24, 2001[6]; produced a copy of the relevant $15,000,000 insurance policy to plaintiffs[7], establishing that the boat is adequately insured to cover the two individual plaintiffs' claims for lost sport fishing equipment and minor personal injuries.

20. In light of the wealth of information already provided by the Trust and the other defendants to plaintiffs, it is difficult to fathom why plaintiffs would still have any legitimate need to now continue to depose the family Trust again and again. Plaintiffs' proposed *second* and *third* depositions of the Trust are unreasonably cumulative, duplicative, expensive, oppressive, unduly burdensome and intrusive.

21. Plaintiffs' desire to continue launching more "fishing expeditions" -- to troll through the family Trust's affairs, hoping to hook into something of interest -- has no legitimate basis in this litigation.

22. Plaintiffs have already abused the discovery process by requesting the family Trust: to identify all trustees of the Trust in 2001, their compensation and their present

---

[5] Defendant Chase-Freedman Family Trust's Response to Plaintiffs' Requests for Admissions, Response No. 5 (7/2/04).
[6] Defendant Chase-Freedman Family Trust's Response to Plaintiffs' Requests for Admissions, Response No. 3a (7/2/04).
[7] The insurance policy was sent to plaintiffs on or about July 2, 2004.

contact information; to identify the beneficiaries of the Trust in 2001 and their present contact information; and to state the dollar amount of the corpus of the Trust in 2001 with a complete listing of assets and their location. The Trust has rightly objected to these improper interrogatories which seek information that is not relevant to the subject matter of this litigation and not reasonably calculated to lead to the discovery of admissible evidence.[8]

23. Similarly, plaintiffs requested irrelevant documents such as copies of the Trust's tax returns and other financial documents, including salary information, all documents relating to the Trust's beneficiaries in 2001, and more. Not surprisingly, the Trust has rightly objected to these improper document requests.[9]

24. The Trust previously was forced to file its first motion for a protective order on August 13, 2004 (Docket Nos. 28 & 29) because of plaintiffs' intransigence. That first motion was later withdrawn *without prejudice*, as an accommodation to avoid burdening the Court with unnecessary discovery motion practice, after plaintiffs finally relented in the face of the pending motion, as the parties reached agreement limiting the scope and duration of plaintiffs' deposition of the Trust, as well as changing the location. See Docket No. 30, Exhibit 3.

25. It appears that plaintiffs and their counsel are misusing the litigation process to harass the Trust in the hope it may pay them to go away.

## Conclusion

The Second Motion of The Chase-Freedman Family Trust for a Protective Order should be granted pursuant to Fed. R. Civ. P. 26(c).

---

[8] Defendant Chase-Freedman Family Trust's Response to Plaintiffs' Requests for Admissions, Response Nos. 9, 10 and 11 (7/2/04).
[9] Defendant Chase-Freedman Family Trust's Response to Plaintiffs' Document Requests (7/2/04).

Plaintiffs should not be permitted to take the proposed second and third depositions of the Trust (via testimony of Ian Morris and David Chase) as proposed in plaintiffs' August 26, 2004 notices of those depositions.

> Respectfully submitted,
> The Chase-Freedman Family Trust,
> by its attorneys,
>
> Edward C. Radzik, Esq.
> Donovan Parry McDermott & Radzik
> Wall Street Plaza
> 88 Pine Street
> New York, NY 10005-1801
> (212) 376-6400
>
> _____
> Curtis C. Pfunder
> 92 State Street
> Boston, MA 02109
> 617 248-0200
> BBO#397700
>
> Attorneys for Defendants

Date: September 3, 2004

## Certificate of Conference

Pursuant to Local Rules 7.1 and 37.1, defendants' counsel conferred with plaintiffs' counsel concerning the subject of the above motion on August 27, 2004 and September 1, 2004 in good faith to try to resolve or narrow the areas of disagreement to the greatest possible extent. No agreement was reached.

_____
Curtis C. Pfunder

## Certificate of Service

I certify that on this 3 day of September 2004 I served a copy of the above document on counsel for plaintiffs as indicated below by U.S. mail / _____:

Bjorn J. Holubar, Esq.
770 Lexington Avenue, 7th Floor
New York, NY 10021
516-446-1546 direct
212 980-1992

Kurt E. Bratten, Esq.
Lucash, Gesmer & Updegrove LLP
40 Broad Street
Boston, MA 02109

_____
Curtis C. Pfunder