UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JOEL F. HOLUBAR, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | CIVIL ACTION |
| | ) | NO. 03-12404-NG |
| KENT KHOLBERGER et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER ON DISCOVERY MOTIONS

This matter is before the court on plaintiffs' Motion Pursuant to Fed. R. Civ. P. 37 (Docket #18), defendants' "Cross-Motion to Strike" (Docket # 23), "Defendants' Motion for Order Compelling Discovery" (Docket #32), and the "Second Motion of Defendant Chase-Freedman Family Trust for Protective Order" (Docket #34). After reviewing the parties' submissions and hearing their arguments, these motions are ALLOWED IN PART and DENIED IN PART in accordance with the following orders:

1. The time for completing discovery is extended to **November 30, 2004.**

2. The plaintiffs may take the depositions of Ian Morris and David Chase in their individual capacities, but not as representatives of the Chase-Freedman Family Trust, subject to the following:

    (a) Defendants shall provide plaintiffs with the last known address and contact information for Ian Morris by **September 17, 2004**. The Court accepts the

defendants' representations that Mr. Morris is not a current employee of the Trust, and the defendants do not need to produce Mr. Morris as a witness.

 (b) By **September 17, 2004**, defendants' counsel shall notify plaintiffs' counsel, Mr. Holubar, as to whether defendants are representing David Chase in his individual capacity in the instant dispute. If so, defendants' counsel shall accept service of the subpoena issued to depose Mr. Chase. If defendants' counsel do not represent Mr. Chase in his individual capacity, then the deposition subpoena shall be served on Mr. Chase in accordance with all applicable Federal Rules of Civil Procedure.

 (c) The deposition of Mr. Chase shall be limited in duration and location due to Mr. Chase's health.

3. The production of documents in response to outstanding discovery requests shall be completed by **October 1, 2004**, subject to the following:

 (a) By **September 24, 2004,** the parties shall execute a confidentiality agreement concerning the financial and medical records of plaintiffs Joel F. Holubar and Mariana H. Holubar.

 (b) By **September 24, 2004**, the plaintiffs shall provide the defendants with a list of all healthcare providers who treated Joel or Mariana Holubar at any time during the period from January 1, 1999 until the present.

  (c) By **September 24, 2004**, the plaintiffs shall provide the defendants with signed medical releases for each healthcare provider identified in the preceding paragraph, provided that plaintiffs may withhold medical releases for providers they contend are irrelevant to the instant dispute.  For each healthcare provider the plaintiffs contend are irrelevant to this action, the plaintiffs shall provide the plaintiffs with a description detailing the specific reasons they claim the healthcare provider is irrelevant.

  (d) The depositions of Joel and Mariana Holubar shall be taken within **thirty (30) days** of the date of production of their medical records by their healthcare providers.  Mr. Holubar's deposition may be divided into two stages.  The deposition may go forward prior to the production of the medical records due to Mr. Holubar's health.  The deposition may be completed after the production of the medical records.

 4. Both parties shall produce to the opposing parties copies of materials received from third parties as soon as possible, including all materials received from the United States Coast Guard, the Cape Cod Canal Control, and the United States Army Corps of Engineers.  Each party may charge the opposing party for the costs of reproduction of those materials.

 5. By **September 27, 2004**, plaintiffs shall disclose to opposing counsel the last known contact information for the vessel "Prime Time," including its owners and

operators.  Similarly, by that date, defendants shall disclose to opposing counsel the last known contact information for the vessel "Sweet Distraction," including its owners and operators.

6.  Plaintiffs shall provide answers to **twenty-five (25)** of the defendants' "Revised Interrogatories."  The parties shall conduct a conference by **September 24, 2004** to determine the specific interrogatory questions that shall be answered.

7.  The plaintiffs' request that their requests for admission be deemed admitted is DENIED.

8.  All motions for sanctions are DENIED without prejudice.

9.  Except as provided herein, the motions are DENIED.

By the court,

    / s / Judith Gail Dein
Judith Gail Dein
United States Magistrate Judge

DATED:  September 13, 2004