# BJORN J. HOLUBAR, Esq.
Attorneys & Counselors at Law

October 28, 2004

Honorable Judge Judith Dien, USMJ
United States District Court
    For the District of Massachusetts
1 Courthouse Way
Boston, Massachusetts 02210

                    Re: <u>Holubar *et al* v Kholberger, *et al.*</u>

Dear Judge Dien:

    Initially, following the Conference before the Court information regarding "Sweet Distraction" was provided by defendants.

    Thereafter, Plaintiffs' provide by hand delivery to Mr. Radzik:
        1-Joel Holubar's un executed and Executed Response to defendants' 2nd Set of Interrogatories,
        2-"reproduction" of those materials received from the US Coast Guard and Army Corp of Engineers;
        3-Documents responsive to defendants' Document Requests, excluded but prepared for service are financials and medial authorizations pending entrance of the Protective Order.

    Additionally, Plaintiffs' provide by hand delivery to Mr. Radzik:
        1-a Stipulated Protective Order;
        2-blank and executed Medical Releases (although the defendants were to have provided the same – yet did not) but for inclusion of the doctors pending entrance of the PO.

    Also served by hand delivery to Mr. Radzik were the transcripts of:
1. Kent Kholberger;
2. James Abruzzi, and
3. Cheryl Chase, for execution.

    At this time the Plaintiffs' also asked for clarification as to the status of legal representation regarding David Chase and Ian Morris as no such response was provide, yet later communication dated 10/15 attached a letter that local counsel nor myself received.

    Then a second production of additional documents was made to Mr. Radzik by hand.

    These materials were to have been dispatched 2x by mail to defendants' counsel Mr. Radzik but were later hand delivered by David Lu, Esq. Mr. Pfunder's local counsel, courtesy

1

copies (in one dispatch) were also sent, admittedly later than Mr. Radzik's by Dr. Holubar by Federal Express, and also by email by counsel earlier.

Thereafter the day prior to Mr. Pfunder's letter I received a phone call from Mr. Radzik's office informing me the tapes were prepared. And but for the tapes Defendants have not produced a "reproduction" of those materials received from the US Coast Guard and Army Corp of Engineers nor agreed to make Mr. Chase available.

I would respectfully present that but for the defendant's production US Coast Guard and Army Corp of Engineers materials and David Chase defendants are concluded with production.

Similarly I would respectfully present that but for production of medical and financials, and the depositions of Plaintiffs, Plaintiffs have concluded with production. However, Plaintiffs will produce "Prime Time" information upon conclusion of the investigation of more than 1000 yachts identified as the same.

> Respectfully submitted,
>
> *Bjorn J. Holubar /s/*
>
> Bjorn J. Holubar
> 770 Lexington Avenue, 7th Fl.
> New York, New York 10021
> 212-980-1992
> 212-755-4199 (fax)

cc:   Kurt Bratten, Esq. - email
      Curt Pfunder, Esq. - email
      Edward Radzik, Esq. – fax (212) 376-6490