UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JOEL F. HOLUBAR, et al.,          )
                                  )
              Plaintiffs,         )
       v.                         )          CIVIL ACTION
                                  )          NO. 03-12404-NG
KENT KHOLBERGER et al.,           )
                                  )
              Defendants.         )

## ORDER TO SHOW CAUSE

On February 4, 2005, this court issued a Scheduling Order, pursuant to Fed. R. Civ. P. 16 and Local Rule 16.1, in which the court ordered, among other things, that the next pretrial status conference in this action would be held by telephone on April 4, 2005 at 10:00 a.m.  Prior to the April 4th conference, Bjorn J. Holubar, counsel for the plaintiffs, contacted the court to request that the conference be continued due to an emergency.  The court agreed to postpone the status conference, and the Courtroom Deputy, Thomas Quinn, directed Attorney Holubar to contact the court to reschedule the conference.  After not hearing from Attorney Holubar within a reasonable period of time, the Deputy contacted Attorney Holubar and defendants' counsel and, by agreement of the parties, rescheduled the status conference for Monday, May 9, 2005, at 12:00 p.m. Again, the conference was to be held by telephone.

On Friday, May 6, 2005, the Courtroom Deputy spoke with Attorney Holubar and confirmed the May 9th conference.  However, on May 9, 2005, the court was unable to

reach Attorney Holubar for the telephone conference, and had to leave a message.

Attorney Holubar failed to respond to the message on May 9th, and has not contacted the

court since that time.  Consequently, Attorney Holubar has failed to comply with this

court's Scheduling Order.

Fed. R. Civ. P. 16 provides:

> If a party or party's attorney fails to obey a scheduling or pretrial
> order, or if no appearance is made on behalf of a party at a
> scheduling or pretrial conference ... the judge, upon motion or the
> judge's own initiative, may make such orders with regard thereto as
> are just, and among others any of the orders provided in Rule
> 37(b)(2)(B), (C), (D).

Fed. R. Civ. P. 37(b)(2)(C) authorizes the court to dismiss the action as a sanction for

failing to obey the court's order.  See Tower Ventures, Inc. v. City of Westfield, 296 F.3d

43, 46 (1st Cir. 2002) (unexcused disobedience of court orders constitutes extreme

misconduct which supports dismissal).

Accordingly, it is hereby ORDERED that Attorney Bjorn J. Holubar appear before

the undersigned United States Magistrate Judge at the following time and place:

Thursday, May 26, 2005, at 10:00 a.m.

U.S. District Court
One Courthouse Way
Courtroom #15, 5th Floor
Boston, MA 02210

2

to SHOW CAUSE why the undersigned should not recommend that this action be dismissed by reason of Attorney Holubar's failure to comply with the court's Scheduling Order.

      / s / Judith Gail Dein
      Judith Gail Dein
      United States Magistrate Judge

Dated: May 17, 2005