UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JOEL F. HOLUBAR, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | CIVIL ACTION |
| | ) | NO. 03-12404-NG |
| KENT KHOLBERGER et al., | ) | |
| | ) | |
| Defendants. | ) | |

## SCHEDULING ORDER AND
## RULING CONCERNING SHOW CAUSE HEARING

On May 17, 2005, this court issued an Order to Show Cause directing Bjorn J. Holubar, counsel for the plaintiffs, to appear and show cause as to why this court should not recommend the dismissal of this action by reason of Attorney Holubar's failure to comply with this court's February 4, 2005 Scheduling Order. On May 26, 2005, this court held a hearing at which Attorney Holubar appeared and explained that he had failed to comply with the court's Scheduling Order due to a grave medical situation that had arisen with respect to a family member, which Attorney Holubar described as life threatening. This court finds that Attorney's Holubar's explanation is sufficient to excuse his failure to comply with the court's February 4 Scheduling Order and to avoid sanctions on this occasion. Accordingly, this court rules that Attorney Holubar has shown good cause as to why this court should not recommend dismissal of this litigation. However, the court cautions plaintiffs' counsel that disobedience of court orders constitutes extreme

misconduct that supports sanctions, including dismissal of the litigation.  See Tower Ventures, Inc. v. City of Westfield, 296 F.3d 43, 46 (1st Cir. 2002).

During the May 26, 2005 hearing, the court and counsel for both parties also addressed the status of the case and the scheduling of additional discovery events.  Pursuant to Fed. R. Civ. P. 16(a), it is hereby ORDERED as follows:

1. The plaintiffs shall provide to the defendants an itemized statement of damages by **May 31, 2005**.

2. Any independent medical examination of the plaintiff, Joel F. Holubar, shall occur by **June 30, 2005**.

3. The deposition of the plaintiff, Joel F. Holubar, shall be completed by **June 30, 2005** and shall occur prior to the deposition of Mr. Chase.

4. The deposition of Mr. Chase shall be completed by **June 30, 2005**.

5. The next status conference will be a **telephone status conference** and will be held on **Wednesday, June 29, 2005, at 10:00 a.m.**  At that time, the parties shall be prepared to discuss:

    a. the status of the case;
    b. the scheduling for the remainder of the case through trial;
    c. the use of alternative dispute resolution ("ADR") programs; and
    d. consent to trial before the Magistrate Judge.

6. The parties shall submit a brief joint statement no later than five (5) business days before the conference addressing the issues itemized in paragraph 5 above.  With respect to the use of ADR and having the matter tried by a Magistrate Judge, the parties shall indicate whether an agreement has been reached, but are not obligated to identify their respective positions.

    / s / Judith Gail Dein
    Judith Gail Dein
DATED: May 26, 2005    United States Magistrate Judge