UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                          )
JOEL F. HOLUBAR and                       )
MARIANA H. HOLUBAR,                       )
                                          )  Civil Action No. 03-CV-12404-NG
         Plaintiffs,                      )
                                          )
v.                                        )
                                          )
KENT KHOLBERGER,                          )
CHASE-FREEDMAN FAMILY TRUST               )
and *M/Y CHEROSA, in rem,*                )
                                          )
         Defendants                       )
_____       )

MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS
FOR DISOBEDIENCE OF COURT ORDER AND LACK OF PROSECUTION

Defendants[1] submit this memorandum of law in support of their motion, pursuant to Fed. R. Civ. P. 16(f) and Fed. R. Civ. P. 41(b), to dismiss this action for plaintiffs' unexcused failure to obey this Court's Scheduling Order of August 12, 2005 and plaintiffs' failure to prosecute this action.

For the reasons explained in more detail below, plaintiffs' counsel's[2] failure to comply with any aspect of the Order, by ignoring various discovery deadlines and two telephone Status Conferences with the Court (on December 19, 2005 and January 4, 2006), his failure to communicate with the Court or defendants' counsel, and plaintiffs'

---

[1] Kent Kohlberger (former captain of the motor yacht CHEROSA), The Chase-Friedman Family Trust (owner of the CHEROSA) and the Motor Yacht CHEROSA, *in rem*.

[2] Plaintiffs Joel F. Holubar and Mariana H. Holubar are represented by Bjorn J. Holubar, a member of the bar of the State of New York who was admitted *pro hac vice* in this action.

ongoing failure to prosecute this action since August 2005, warrant dismissal of this action under the First Circuit's decision in *Tower Ventures, Inc. v. City of Westfield*, 296 F.3d 43, 46 (1st Cir. 2002) (unexcused disobedience of court orders constitutes "extreme misconduct" which supports dismissal).

## INTRODUCTION

Plaintiffs filed this lawsuit in admiralty claiming property damage, bodily injury and lost wages allegedly suffered as the result of plaintiffs' yacht NORDIC STAR allegedly being overcome by a wake allegedly produced by defendants' yacht CHEROSA while the two vessels transited the Cape Cod Canal on August 24, 2001.

Plaintiffs originally filed suit in the United States District Court for the Eastern District of New York, but the suit was dismissed for lack of personal jurisdiction over the defendants.[3]

Plaintiffs also filed another suit in this district alleging otherwise identical facts, and seeking the same relief, but against a different set of defendants, i.e., the owner and Captain of a *different vessel,* the SWEET DISTRACTION, that was also transiting the Canal at the time of the alleged incident.[4]

## FACTUAL BACKGROUND

A. Disobedience of Court Order and Failure to Prosecute

---

[3] *Joel F. Holubar and Mariana H. Holubar v. Kent Kholberger, Chase-Freedman Family Trust and M/Y CHEROSA, in rem*, Civil Action No. 02-4513-TPC (E.D. N.Y.)

[4] *Joel F. Holubar and Mariana H. Holubar v. M/Y SWEET DISTRACTION, in rem, Captain Hammond and John & Jane Does*, Civil Action No. 04-11850-NG (D. Mass. filed Aug. 24, 2004). That case was dismissed by this Court on May 10, 2005. It is one thing to plead alternative legal theories; it is another to plead alternative *facts.*

On August 12, 2005, this Court issued a Scheduling Order pursuant to Fed. R. Civ. P. 16 and Local Rule 16.1. The Order set forth deadlines for the completion of pre-trial discovery, in particular, with regard to the exchange of expert reports, replies thereto and the taking of depositions of the parties' experts. The Order fixed the date and time for the next telephone status conference with the Court for December 14, 2005 at 10:00 a.m. Submission of a brief joint statement of the parties to the Court was to take place no later than five business days before the conference, i.e., by December 7, 2005.

Notwithstanding the deadlines set forth in the August 12, 2005 Scheduling Order, plaintiffs failed to produce any expert reports by the October 3, 2005 deadline. Plaintiffs did not request or obtain any extension of that deadline.

Defendants, on the other hand, timely produced two expert reports within their October 31, 2005 deadline, in compliance with the Order.

One of defendants' experts, Dr. Louis Sultan, M.D., is an expert in orthopedic medicine who performed an independent medical examination of plaintiff Joel Holubar and issued a report and a supplemental report containing findings regarding his medical history and an opinion as to whether the ailments asserted in the complaint can be attributed to the alleged wake incident on August 24, 2001. Dr. Sultan concluded that the physical injuries complained of by plaintiff Joel Holubar cannot be ascribed to the events alleged to have occurred on August 24, 2001.

Defendants' second expert report was prepared by Stanley C. Stumbo, P.E., an expert in Naval Architecture specializing in hydrodynamics and ocean wave generation. He studied the prevailing weather and sea conditions existing in the Cape Cod Canal on

August 24, 2001; he studied the vessel traffic moving through the Canal that day in both the easterly and westerly directions; he analyzed how the tide and currents would have affected various vessels' capability of generating wakes at different speeds; and he analyzed the hull forms, power capabilities, and physical characteristics of the vessels transiting the Canal on August 24, 2001. Mr. Stumbo reviewed the deposition testimony of all witnesses, including that of the Captain of the CHEROSA at the time of the alleged incident, Kent Kholberger, Chief Mate of the CHEROSA, James Abbruzzi, plaintiffs Joel and Mariana Holubar, and Cheryl Chase, who was a passenger on board the CHEROSA at the time of the events described in the complaint.  Mr. Stumbo also reviewed virtually all of the documentary exhibits generated in this litigation, including the log book of the CHEROSA, witness statements and the file of the United States Army Corps of Engineers. Mr. Stumbo rendered an expert report concluding that, in his opinion, the motor yacht CHEROSA was not capable of generating wakes of sufficient magnitude to have caused the events alleged in plaintiffs' complaint.

Plaintiffs did not produce any replies to defendants' expert reports by the November 11, 2005 deadline set forth in Paragraph 3 of the August 12, 2005 Scheduling Order. Plaintiffs did not request or obtain any extension of that deadline.[5]

Plaintiffs' counsel failed to participate in the preparation or submission of the brief joint statement to the Court dated December 7, 2005 in accordance with Paragraph 7 of the August 12, 2005 Scheduling Order. Having heard nothing from plaintiffs' counsel since August 2005, on December 7, 2005 counsel for defendants,

---

[5] Plaintiffs also failed to follow the Court's previous oral instruction to submit to defendants in writing a current settlement demand.

Edward C. Radzik and Curtis C. Pfunder, together called plaintiffs' counsel in an attempt to confer with him concerning the brief joint statement due that day. They reached a recording of plaintiffs' counsel and left a voice mailbox message explaining why they were calling, and asking plaintiffs' counsel to return their phone call. Neither Mr. Radzik nor Mr. Pfunder received a call back from plaintiffs' counsel regarding the joint statement. Therefore, defendants were forced to file the brief joint statement without any contribution from plaintiffs. *See* Brief Joint Statement of Defendants filed Dec. 7, 2005, certificate of conference.

On December 14, 2005, at the time scheduled by Paragraph 6 of the August 12, 2005 Scheduling Order, plaintiffs' counsel could not be reached by the Court, failed to communicate with the Court or defendants' counsel, and, therefore, entirely failed to participate in the Court's telephone Status Conference.[6]

After plaintiffs' counsel's unexplained failure to participate in the December 14, 2005 telephone Status Conference, this Court on December 19, 2005 rescheduled the telephone Status Conference for January 4, 2006 at 11:00 a.m., notifying the parties, including plaintiffs' counsel, by the Court's electronic notice system.

Again, without explanation, plaintiffs' counsel failed to participate in the rescheduled telephone Status Conference with the Court on January 4, 2006 at 11 a.m.

---

[6] Plaintiffs' counsel did not respond to several telephone calls from the Court and defendants' counsel. At times it was not possible to leave messages on plaintiffs' counsel's telephone answering machine, because the recording on the machine indicated that his voice mailbox was "full" and would not accept further messages.

Plaintiffs' counsel was "unreachable." [7] Since that time, neither plaintiffs nor their counsel have contacted the Court or counsel for defendants to explain their unexcused disobedience of the Scheduling Order.

This case has ground to a halt as plaintiffs' counsel has failed to communicate with the Court or defendants' counsel since August 2005. Plaintiffs have failed to prosecute this action in any way since then. In effect, plaintiffs have abandoned their case.

B. Prior Warning

Plaintiffs' counsel was previously cautioned by this Court about precisely this type of conduct.[8] Following plaintiffs' then unexplained failure to participate in a May 9, 2005 telephone Scheduling Conference with the Court, this Court on May 17, 2005 issued an Order To Show Cause, directing plaintiffs' counsel to appear on May 26, 2005 and show cause as to why this Court should not recommend the dismissal of this action

---

[7] The Court's Docket reflects the following Docket Text entry for January 4, 2006: "Clerk's Notes for proceedings held before Judge Judith G. Dein : Telephone Conference held on 1/4/2006.; [plaintiffs'] Attorney Holubar was unreachable; [defendants'] Attorney Radzik reports current case status and will file motion to dismiss in near future."  Some time after that conference, the Court reportedly left a message for plaintiffs' counsel to call Mr. Radzik, but he did not do so.

[8] This is not the first time plaintiffs' counsel has failed to properly communicate or to comply with the Court's rules and orders. The cavalier attitude and lack of courtesy displayed by plaintiffs' counsel and his clients is not new, but represents a continuation of a disturbing pattern of disrespect that has been present from the outset of this litigation. As the Court is aware, Court intervention was repeatedly required to deal with a variety of such difficulties throughout the litigation, including: repeated use of inaccurate, unsigned, unintelligible and/or backdated "certificates of service"; repeated claims that the U.S. Postal Service must have "lost" legal papers purportedly mailed to defendants' counsel, but which had not arrived; confusing use of emails -- to the point where plaintiffs' counsel's email communications had to be barred by Court order; great difficulty scheduling depositions and obtaining discovery; etc. *See, e.g.*, letter to the Court from defendants' counsel dated October 20, 2004, Scheduling Order dated November 1, 2004 (Docket No. 42), Defendants' Motion for an Order Compelling Discovery, dated September 1, 2004 (Docket No. 32).  Previous warnings to plaintiffs' counsel have not been heeded.

by reason of plaintiffs' attorney's failure to comply with this Court's previous Scheduling Order dated February 4, 2005 (as modified).[9]

Following the Show Cause Hearing on May 26, 2005, this Court accepted Attorney Holubar's belated explanation[10] as sufficient to avoid sanctions "on this occasion." Scheduling Order and Ruling Concerning Show Cause Hearing, dated May 26, 2005 (Docket No. 46). The Court did, however, expressly caution Attorney Holubar as follows:

> **However, the court cautions plaintiffs' counsel that disobedience of court orders constitutes extreme misconduct that supports sanctions, including dismissal of the litigation. See *Tower Ventures, Inc. v. City of Westfield*, 296 F.3d 43, 46 (1st Cir. 2002).**

Scheduling Order and Ruling Concerning Show Cause Hearing, dated May 26, 2005 (Docket No. 46)(emphasis added).

---

[9] In the February 4, 2005 Scheduling Order, issued pursuant to Fed. R. Civ. P. 16 and Local Rule 16.1, this Court originally had set the next telephone status conference with the Court for April 4, 2005 at 10:00 a.m. Prior to the April 4 conference plaintiffs' counsel contacted the Court and requested that the conference be continued due to an emergency. The Court agreed to postpone the conference, and the Courtroom deputy, Thomas Quinn, directed plaintiffs' counsel to contact the Court to reschedule the conference. After not hearing from plaintiffs' counsel within a reasonable period of time, the deputy contacted counsel for all parties and, by agreement of all parties, rescheduled the telephone status conference for May 9, 2005 at 12:00 p.m. On May 6, 2005 the Courtroom Deputy spoke with plaintiffs' counsel and confirmed the May 9th conference. "However, on May 9, 2005, the court was unable to reach Attorney Holubar for the telephone conference, and had to leave a message. Attorney Holubar failed to respond to the message on May 9th, *and has not contacted the court since that time.* Consequently, Attorney Holubar has failed to comply with this court's Scheduling Order." Order To Show Cause dated May 17, 2005 (emphasis added). The Court properly pointed out, in its Order To Show Cause, that Fed. R. Civ. P. 16, by reference to the sanctions available under Fed R. Civ. P. 37(b)(2)(C), authorizes the Court to dismiss the action as a sanction for failing to obey the court's order. The Court also cited controlling First Circuit case law directly on point. Id. (citing *Tower Ventures, Inc. v. City of Westfield*, 296 F.3d 43, 46 (1st Cir. 2002)). During the seventeen days between May 9 and May 26, 2005 when the Show Cause Hearing took place, on information and belief, plaintiffs' counsel did not further communicate with the Court (or defendants' counsel) about this matter.

[10] A family medical emergency on May 9, 2005.

C. <u>Itemized Statement of Damages</u>

In a Scheduling Order dated June 29, 2005, after considerable foot-dragging by plaintiffs, the Court ordered plaintiffs to produce to defendants, *inter alia,* an Itemized Statement of Damages.

On June 30, 2005, plaintiffs produced their Itemized Statement of Damages. On August 10, 2005, plaintiffs produced Joel Holubar for deposition at the offices of defendants' New York counsel.  A review of the transcript of the deposition of Joel Holubar reveals that the majority of items appearing on plaintiffs' Itemized Statement of Damages have nothing to do with any alleged waking incident, but rather are attributable to ordinary boat maintenance and normal wear and tear.  Plaintiff Joel Holubar conceded that these items should be removed from the Itemized Statement of Damages.

Plaintiff's Itemized Statement also includes an item for lost income. But this claim is not supported by the evidence.  Income tax returns produced by plaintiffs during the relevant periods indicate that their income increased after the alleged incident, and that no loss of income was realized.

It was shortly after plaintiffs' exaggerated damages claims were exposed by defendants as weak and mostly unsupported that plaintiffs essentially abandoned their case.

ARGUMENT

A. <u>This Action Should Be Dismissed Pursuant To Fed R. Civ. P. 16, Fed. R. Civ. P. 37(b)(2)(C), Fed. R. Civ. P. 41(b) and the Court's Inherent Power to Manage Cases</u>

Fed. R. Civ. P. 16(f) provides, in pertinent part:

> (f) Sanctions.
>
> If a party or party's attorney fails to obey a scheduling or pretrial order, or if no appearance is made on behalf of a party at a scheduling or pretrial conference . . . the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in rule 37(b)(2)(B), (C), (D).

Rule 37(a)(2)(C) expressly provides that the Court may dismiss an action for failure to obey a court order. As this Court aptly cautioned plaintiffs' counsel on May 26, 2005, the First Circuit has squarely held that unexcused disobedience of court orders, including scheduling orders, constitutes serious misconduct that warrants dismissal of the litigation. *Tower Ventures, Inc. v. City of Westfield*, 296 F.3d 43, 46 (1st Cir. 2002)(unexcused disobedience of court orders constitutes "extreme misconduct" which supports dismissal; this principle "applies with undiminished force to scheduling orders"). Accord *Torres-Vargas v. Pereira*, 431 F.3d 389 (1st Cir. 2005).

Here, as in *Tower Ventures,* plaintiffs' counsel's complete failure to comply with this Court's August 12, 2005 Scheduling Order is unexcused, and constitutes the type of misconduct which clearly warrants dismissal of this litigation.

This misconduct, compounded by plaintiffs' counsel's total failure to communicate with the Court or with counsel for defendants since August 2005, also constitutes ongoing failure to prosecute, warranting dismissal. *See* Fed. R. Civ. P. 41(b)("For failure of the plaintiff to prosecute or to comply with these rules or any order of the court, a defendant may move for dismissal of an action or of any claim against the defendant."); *Torres-Vargas v. Pereira*, 431 F.3d 389 (1st Cir. 2005).

Dismissal is not only an appropriate consequence for plaintiffs' misconduct in this particular action, but also serves to deter others from similar misconduct in other

cases. It sends a clear signal that court orders must be obeyed. *National Hockey League v. Metro Hockey Club*, 427 U.S. 639, 643 (1976); *Torres-Vargas v. Pereira*, 431 F.3d at 389; *Tower Ventures, Inc. v. City of Westfield*, 296 F.3d at 47.

Under these circumstances, justice requires dismissal of this action.

## CONCLUSION

Defendants' Motion to Dismiss this Action for Plaintiffs' Disobedience of Court Order and Lack of Prosecution should be granted. This Court should recommend dismissal of this action. Plaintiffs' complaint should be dismissed with prejudice.

Respectfully submitted,

/s/ Curtis C. Pfunder                              Date: February 13, 2006
Curtis C. Pfunder (BBO# 397700)
92 State Street
Boston, MA 02109
(617) 248-0200

Edward C. Radzik
Donovan Parry McDermott & Radzik
Wall Street Plaza
88 Pine Street
New York, NY 10005
(212) 376-6400

Attorneys for Defendants