UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOEL F. HOLUBAR, et al.,    ) | |
|                               ) | |
|        Plaintiffs,      ) | |
| v.                           ) | CIVIL ACTION |
|                               ) | NO. 03-12404-NG |
| KENT KHOLBERGER, et al.,    ) | |
|                               ) | |
|        Defendants.     ) | |

### REPORT AND RECOMMENDATION ON DEFENDANTS' MOTION TO DISMISS FOR DISOBEDIENCE OF COURT ORDER AND LACK OF PROSECUTION

March 8, 2006

DEIN, U.S.M.J.

This matter is before the court on "Defendants' Motion to Dismiss for Disobedience of Court Order and Lack of Prosecution." (Docket No. 51). The plaintiffs have not filed any opposition to the Motion.

The chronology of events detailed in the defendants' Memorandum of Law (Docket No. 52) with respect to the plaintiffs' failure to attend conferences and comply with court orders is accurate, with the exception of the fact that one of the telephone conferences the plaintiffs' counsel ignored was held on December 14, 2005, not December 19, 2005 as listed on the first page of defendants' Memorandum.

It "cannot be doubted" that a federal court has the "power to sanction a party who repeatedly fails to comply with court-imposed deadlines[.]" Torres-Vargas v. Pereira, 431 F.3d 389, 390 (1st Cir. 2005), and cases cited. In determining whether dismissal is

appropriate, the court is to consider, among other things, "the trial court's need to manage its docket, the potential prejudice to the parties, and the policy of the law favoring disposition on the merits."  Id.  In this case, given the "repeated violations" of this court's orders and this court "having warned plaintiff of the consequences of non compliance," dismissal is appropriate.  Serra-Lugo v. Mayaguez Consortium-Las Marias, 271 F.3d 5, 6 (1st Cir. 2001).  See also Tower Ventures, Inc. v. City of Westfield, 296 F.3d 43, 46 (1st Cir. 2002) (failure to comply with scheduling orders may warrant dismissal of an action).

This court recognizes that "dismissal orders typically are measures of last resort, reserved for extreme cases."  Torres-Vargas, 431 F.3d at 393.  This is such an extreme case.

In light of the chronology of this case, as well as the plaintiffs' failure to respond to the Motion to Dismiss, this court recommends to the District Judge to whom this case is assigned that the Motion to Dismiss be ALLOWED.[1]

---

[1] The parties are hereby advised that under the provisions of Fed. R. Civ. P. 72 any party who objects to these proposed findings and recommendations must file a written objection thereto with the Clerk of this Court within 10 days of the party's receipt of this Report and Recommendation.  The written objections must specifically identify the portion of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with this Rule shall preclude further appellate review.  See Keating v. Sec'y of Health & Human Servs., 848 F.2d 271, 275 (1st Cir. 1988); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 604-605 (1st Cir. 1980); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); see also Thomas v. Arn, 474 U.S. 140, 153-54, 106 S. Ct. 466, 474, 88 L. Ed. 2d 435 (1985).  Accord Phinney v. Wentworth Douglas Hosp., 199 F.3d 1, 3-4 (1st Cir. 1999); Henley Drilling Co. v. McGee, 36 F.3d 143, 150-51 (1st Cir. 1994); Santiago v. Canon U.S.A., Inc., 138 F.3d 1, 4 (1st Cir. 1998).

           / s / Judith Gail Dein
Judith Gail Dein
United States Magistrate Judge